THOMAS S. SCOTT, Respondent, *v.* CHARLES STEBBINS et al., Executors, etc., Appellants.

The will of H. gave to his two sons each an undivided half of certain real estate; to his son A. a legacy of $5,000; to his son J. $2,000, and discharged him from all indebtedness for sums advanced, thus, as the testator declared, making the shares of his two sons equal. After certain specific bequests and legacies he gave the rest and residue of his estate, real and personal, to S., one of his executors in trust  *First,*

to pay the interest, or so much thereof as should be necessary to the support of the testator's father during life. *Second*, to pay out of the proceeds of said residuary estate to the O. C. Seminary $15,000, and the balance with any unexpended income to the two sons in equal proportions. The executor was empowered to sell as he should think just. The testator inventoried his personal property about a month before he made the will at $22,500. He thereafter purchased real estate, built a house upon his lands, etc., and the proceeds of the personalty remaining at his death after the payment of debts amounted to but about $2,000. *Held*, that the legacy given to A. was chargeable upon the residuary real estate.

*Lupton* v. *Lupton* (2 Johns. Ch. 614), distinguished.

Also *held*, that an action to have said legacy declared a lien upon the residuary real estate was properly brought within ten years after the cause of action arose; that the six years' statute of limitations did not apply.

The executors brought an action for the construction of the will. F., to whom A. had assigned his legacy, was made a party ; he had, however, before the commencement of the action, transferred it to D. In that action it was adjudged that the legacy was not chargeable upon said real estate. *Held*, that said judgment was not a bar to this action, and this, although D. subsequently reassigned to F.

(Argued February 2, 1883 ; decided March 13, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made the second Tuesday of June, 1882, which reversed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Reported below, 27 Hun, 335.)

This action was brought against defendants as the executors of, and against defendant Stebbins as trustee under, the will of Russell F. Hicks, deceased, to have a legacy of $5,000 given by said will to A. Hammond Hicks, declared a lien on the lands devised by said will to said trustee, and paid out of the proceeds thereof. The answer aside from a denial that the legacy in question was chargeable upon the real estate, set up in bar a former judgment in an action brought by the defendants for a construction of the will and also the statute of limitations. The testator died on the 29th of August, 1869, leaving a will, executed on the 2d of January preceding, which contained the following provisions: "*First*, I give and bequeath to my son, A. Hammond Hicks, in addition to any sum heretofore

given him, the equal undivided half of my lands in Iowa; also my watch, seal and rings, and I do further give and bequeath to my said son the sum of $5,000, payable one year after my decease. *Second*, I give and bequeath to my son John F. Hicks, the remaining equal, undivided one-half of my lands in the State of Iowa, and I do discharge him from all indebtedness to me for sums heretofore advanced, and I bequeath to my son John Frank Hicks the sum of $2,000, to be paid to him by my executors when he shall arrive at the age of twenty-five years, with interest from the time of my decease, making the shares of my sons equal in my judgment." Then follow certain specific bequests and two legacies, one of $1,000 and one of $2,000. The concluding clauses are as follows : " *Seventh*, I give, grant, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, not herein effectually disposed of, which I may own at the time of my decease to Charles Stebbins, Jr., of Cazenovia, in trust for the following purposes, viz. : first, to apply the interest thereof, or so much thereof as may be necessary to the comfortable support of my father during his natural life; second, upon and after the death of my said father, out of the proceeds of said residuary estate to pay to the Oneida Conference Seminary, located at Cazenovia, the sum of $15,000, and to pay the balance of said residuary estate with any unexpended income thereof, if any, to my said two sons, share and share alike, and I authorize and empower said Stebbins to sell and dispose of said property herein devised and bequeathed to him in trust, at public or private sale and upon such terms and conditions as he may think best for the purposes aforesaid. *Eighth*. I do hereby nominate and appoint Charles Stebbins, Jr., of Cazenovia, James J. Belden, of Syracuse, and Artemus Baum of Clay, executors of this, my last will and testament."

In December prior to his death the testator inventoried his personal property at $22,500. Included in this was a deposit in a savings bank stated at $8,546. At the time the will was executed he had on deposit $7,790.57, and at the time of the

death, $323.69. After the execution of the will the testator bought some real estate, which formed part of his residuary estate, for $4,000; he paid $500 and gave his note for $3,500, which was paid by the executors out of the proceeds of the personal property. The executors realized from the sale of the personalty $10,649.44. The testator left debts to the amount of $6,775, nearly all of which the court found were incurred after the execution of the will. After the payment of debts, expenses, etc., there remained of the proceeds of the personalty $1,979.98, which was applied ratably in payment of the legacies.

In 1870 the executors commenced an action for a construction of the will. Prior to that time A. Hammond Hicks had assigned his legacy to one Ferguson, and the latter had assigned it to one Duffany. Ferguson was made a party to the action, but Duffany was not, the executors having no knowledge of the assignment to him. A judgment was entered in that action adjudging the legacies to the two sons of the testator, not to be chargeable upon the residuary real estate. After the entry of that judgment Duffany reassigned the legacy in question to Ferguson, who assigned it to plaintiff.

*W. E. Lansing* for appellants. Legacies of money are to be paid from personal property, and if the personal estate is insufficient therefor, the legacies are to abate unless the real estate is charged with their payment. (*Hoyt* v. *Hoyt*, 85 N. Y. 142; *Bevan* v. *Cooper*, 72 id. 317; *Taylor* v. *Dodd*, 58 id. 335; *Reynolds* v. *Reynolds*, 16 id. 257; *Harris* v. *Fly*, 7 Paige, 421.) The usual clause devising all the rest, etc., of the testator's real and personal estate not before devised is not sufficient, nor is the mere direction that all debts and legacies be paid to show an intention to charge the legacy upon the real estate. (*Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Harris* v. *Fly*, 7 Paige, 425; *Shulters* v. *Johnson*, 38 Barb. 80, 84; *Keeling* v. *Brown*, 5 Ves. 359; *Myers* v. *Eddy*, 47 Barb. 264; *Babcock* v. *Stoddard*, 3 T. & C. 207; *Bevan* v. *Cooper*, 7 Hun, 117, 121; 72 N. Y. 325; *Ragan* v. *Allen*, id. 537;

*Gallager's Appeal*, 48 Penn. St. 123 ; *Gridley* v. *Andrews*, 8 Conn. 1 ; 2 Jarman [2d ed.], 534 ; *Greeville* v. *Brown*, 7 H. of L. Cas. 688 ; 85 N. Y. 149 ; *Shulters* v. *Johnson*, 38 Barb. 84 ; *Hoyt* v. *Hoyt*, 85 N. Y. 142, 151, 152.) No inference can be drawn that the testator intended to charge his real estate with the payment of the legacies, from the fact that he expected the legacies would be paid ; nor from the fact that he designed to have his sons share equally. (*Bevan* v. *Cooper*, 72 N. Y. 322, 323.) What the testator did after the making of the will, in changing his property from personal to real, is not competent to show an intent to charge the real estate, or for any other purpose. (1 Jarman [5th ed.], 422, note 2 ; *Myers* v. *Eddy*, 47 Barb. 246.) Nor can the fact that no provision was made in this will for payment of debts indicate an intent to charge the real estate. (*Taylor* v. *Dodd*,    346, 347.) There is no reason why a pecuniary legacy should take effect sooner than a devise of lands. (*Bevan* v. *Cooper*, 7 Hun, 121 ; 72 N. Y. 322, 323.) The action against the executors was barred by the statute after six years. (3 R. S. 123, § 9 [6th ed.] ; *Am. B. Soc.* v. *Hebard*, 51 Barb. 576 ; *Smith* v. *Remington*, 42 id. 75 ; *Borst* v. *Cary*, 15 N. Y. 505 ; 2 Paige, 577 ; 2 Redf. 307 ; 3 Keyes, 372 ; *Loder* v. *Hatfield*, 71 N. Y. 92.)

*W. G. Tracy* for respondent. When legacies are bequeathed generally and " all the rest and residue of the estate " is given in one mass, the legacies are a charge upon the residuary real as well as the personal estate, unless a contrary intention is necessarily to be inferred from other parts of the will. (*Hoyt* v. *Hoyt*, 85 N. Y. 142 ; 17 Hun, 183 ; *Bevan* v. *Cooper*, 72 N. Y. 317 ; *Tracy* v. *Tracy*, 15 Barb. 503.) Where the real and personal estate of the testator have been blended in one fund, and the words "not herein effectually disposed of" are added to the usual residuary clause, the legacies are a charge upon the real estate. (*Hassell* v. *Hassell*, 2 Dick. 527 ; *Day* v. *Day*, 19 N. J. Eq. 137 ; *Rafferty* v. *Clark*, 1 Brad. 473 ; *Hoyt* v. *Hoyt*, 85 N. Y. 146 ; *Carroll* v. *Hargrave*, 5 Irish Eq. 127, series 1867.) A strong presumption that the testator did

not intend to charge his real estate with the payment of these legacies is necessarily to be inferred from the fact that the legatees were the favorite children of the testator, and the residuary devisee a complete stranger to his bounty. (*Van-Winkle* v. *Houter*, 2 Green's Ch. [N. J.] 187; *Wardle* v. *Halfpenny*, 2 P. Wms. 153; *Myers* v. *Eddy*, 47 Barb. 263; *Lupton* v. *Lupton*, 2 Johns. Ch. 614; *Bevan* v. *Cooper*, 72 N. Y. 317.) The prior specific devise of real estate in this will does not tend to show that the testator did not intend to charge the real estate. (*Myers* v. *Eddy*, 47 Barb. 263; *Snow* v. *Darling*, 16 How. [U. S.] 1; *Bevan* v. *Cooper*, 72 N. Y. 325–6.) When a legacy is directed to be paid by the person to whom the real estate is devised, such real estate is charged with the payment of the legacy. And the rule is the same when the legacy is directed to be paid by the executor who is also the devisee of the real estate. (*Brown* v. *Knapp*, 79 N. Y. 136, 143; *Harris* v. *Fly*, 7 Paige, 425.) This action is not barred by the six years' statute of limitation. (*Jones* v. *Hughes*, 6 Exch. 223; *Clark* v. *Riddell*, 11 S. & R. 313; *Patton* v. *Walker*, 1 Jacob & W. 189; *Elwood* v. *Diefendorf*, 5 Barb. 397; *Tole* v. *Hardy*, 6 Cow. 333; *Kelsey* v. *Western*, 2 Comst. 500, 508.) The judgment recovered by the defendants against Samuel Ferguson and others in the suit for the construction of the will is not a bar to this action. (*Duffany* v. *Ferguson*, 66 N. Y. 482; *Boerum* v. *Schenck*, 41 id. 183.) It is only when some relief is sought by the *cestui que trust* against the trustees, or their respective rights in the fund are the subject of contention, that they are the proper parties to an action concerning the fund. (*Mead* v. *Mitchell*, 5 Abb. 92; *S. C.*, 17 N. Y. 210; *Miller* v. *Fire Ins. Co.*, id. 609; *Western R. R.* v. *Nolan*, 48 id. 513.)

MILLER, J. The testator by his will bequeathed to his son, A. Hammond Hicks, the undivided half of certain real estate situate in Iowa, and also a legacy of $5,000, payable one year after his decease. The other son he gave the other undivided half of the real estate in Iowa, a legacy of $2,000, and discharged

him from certain debts.   Certain other legacies are made, and then the testator devised and bequeathed all the rest, residue and remainder of his estate, both real and personal, "not herein effectually disposed of, which I may own at the time of my de· cease, to Charles Stebbins, Jr., of Cazenovia, in trust"   *   *   *   *First.* For the support of his father during his life, and *Second.* Upon the death of his father, out of the proceeds of said residuary estate to pay to the Oneida Conference Seminary the sum of $15,000, and to pay the balance thereof to his two sons, share and share alike.   He also authorized the said trustee to sell and dispose of the property devised and bequeathed to him, for the purposes named in the will.

The question presented is, whether under a proper construction of the will, the legacy of $5,000 to testator's son, A. Hammond Hicks, is chargeable upon the real estate.   The defendants claimed the legacy in question is not made chargeable upon the real estate by the terms of the will, and they rely upon certain authorities which, it is insisted, control the construction to be placed upon the will.   The case of *Lupton* v. *Lupton* (2 Johns. Ch. 614) is the leading authority for the defendants upon the question here presented.   In that case the testator, after leaving to his widow the use of his real and personal property during widowhood, gave certain legacies to his three grandchildren; he also devised certain lands to said three grandchildren and provided for their education, until they arrived at lawful age, out of the rents and profits of the real estate devised to them.   After the decease or marriage of his widow he devised all the rest, residue and remainder of his estate to his three children.   It was held that the real estate could not be charged with the payment of the legacies.   The decision was placed upon the ground that this could not be done unless the intention of the testator to that effect was expressly declared or clearly to be inferred from the language of the will. In that case the residuary devisees were the children of the testator, and the legatees were his grandchildren, a fact which might, and no doubt did, have a controlling effect upon the mind of the testator and upon his intention not to make the

real estate chargeable with the legacies. Considering the devises which had been made in the will, the provision made therein for his grandchildren by devise of real estate, and all the circumstances surrounding the case, it is not unreasonable to hold that the testator could not have intended to make the legacies a charge upon the real estate disposed of in the residuary clause. There is a marked distinction between that case and the one at bar. The legatee here was one of the testator's sons, and the devises to him and to the other son in connection with the amount of the legacy to each and the reason given for fixing the same evinces an intention to make both equal. This could not be effected unless their legacies were paid in full, for after the payment of the $15,000 to the seminary a larger portion of the legacy in question would remain unpaid, and, in this way, the legatee of the larger amount would receive a less sum than his brother who, in fact, had already received a large portion of his legacy by reason of a discharge from the debts he owed the testator. This clearly could not have been intended, and it raises the presumption that the testator designed the real estate should be made chargeable with the payment of the legacies. The language employed in the will in question is far stronger than in the case of *Lupton* v. *Lupton*. Aside from the fact that the legatees here are children, instead of grandchildren, as in *Lupton* v. *Lupton*. The residuary estate, both real and personal, constitutes a single fund; out of this fund the legacy of $15,000 is to be paid, and the remainder to be divided between the two sons to whom previous legacies had been given. To carry out the purpose of this trust the real and personal property are placed upon the same basis, and the evident intention is that the trustee shall dispose of what remains, after satisfying all prior bequests, by the payment of the $15,000, if there is sufficient for that purpose, and of the surplus, if any, to the two sons. The presumption is that the testator did not intend to give a preference to an object of charity or benevolence over the claims of his own children. The contest here is between a complete stranger and his own son. No inference is to be

drawn in favor of the former, except what necessarily and naturally arises. Every intendment is in favor of the son of the testator; his own blood and kin were the first objects of his bounty, and it is to be presumed that the legacies to them were to be first paid; any other conclusion must lead to the inevitable inference that the testator intended to give a preference to a stranger that had no special claim upon him, over his own kindred and lawful heirs. It is but fair to assume that such was not his intention. The differences we have pointed out between the case of *Lupton* v. *Lupton* and this case are of such a marked and distinct character that it would be going very far to hold that the case at bar should be controlled by the case cited.

A number of cases are cited by the appellants' counsel to sustain the doctrine laid down in *Lupton* v. *Lupton*, but with the views we have taken, that this authority is not controlling in the case under consideration, we do not deem it necessary to examine them at length. Special reliance, however, is placed by the learned counsel for the appellants upon the case of *Bevan* v. *Cooper* (72 N. Y. 317). It is there laid down in the opinion that "no case in this State has gone so far in inferring from the usual residuary clause an intent to charge legacies upon lands, as to find it where there has been a prior devise of specific real estate." Even if this be the case it by no means follows that cases may not arise where the intention is so plain, under the circumstances, as to leave no question in regard to the same. This, we think, is the fact in the case at bar, having due regard to the provisions of the will, and their proper construction, from the surrounding circumstances. It will appear upon examination that the cases holding that a prior devise of real estates satisfies the residuary clause, and repels the implication of a purpose to charge the real estate, are those in which the residuary clause is in the usual form, and have no application where the residuary clause comprehends the two classes of property, and unites them together as one simple fund. In *Lupton* v. *Lupton* it does appear that there had been a previous devise of real estate, but this fact is not

referred to in the decision. So far as we have been able to ascertain there is no case in this State adjudging real estate not chargeable with the payment of legacies, solely on the ground of a previous devise. Some authorities are cited from other States, but we do not deem it necessary to examine them. The case of *Carroll* v. *Hargrave* (5 Irish Eq. 123, series 1870) holds that in such cases legacies may be charged upon the real estate.

We think that neither the circumstances surrounding the testator, nor the terms of the will, indicate an intention to exonerate his real estate from the payment of the legacy in question. The presumption is he meant the legacy to be paid; that he did not intend to go through the mere form of bequeathing a legacy to his own son without leaving something to pay it with. He evidently intended the legacy should be paid, under all circumstances, and it would be a mockery and an absurdity to impute to the testator an intention that the legacy given to his son should not be paid if his personal estate was insufficient for such a purpose. The will was made in January, 1869. At that time the testator was the owner of considerable personal property which he had inventoried the December previous at a large amount. Had he kept up this amount it might well be urged that it was his intention the legacies should be paid out of the personal estate alone. It appears, however, that he bought some real estate, upon which he paid the sum of $500, and owed $3,500, which was paid by the executors; that he also built a house on his land, the cost of which was not proved. In January he had a balance in the savings bank of about $8,000, which he reduced before his death the following August to about $300, and he left debts to the amount of $6,775, nearly all of which the court found were incurred after the execution of the will, and it is manifest that his estimate of the value of the personal property was very much exaggerated, the executors realizing only about one-half his inventory amount from it, leaving after the payment of debts about $2,000 to pay legacies amounting to $10,000. It is evident he must have known and intended that his personal

property would not be charged alone with the payment of the legacies. The reduction of his personal property and the increase of his real estate evinces that he must have regarded the latter as chargeable with the legacies. In the face of these facts it is not to be assumed that the testator would have disposed of his personal property to the detriment of his children and for the benefit of the seminary. There is no hypothesis upon which it can be claimed that the testator intended the legacy of $15,000 should be paid before the legacy in question.

A point is made that this action is barred by the statute of limitation. As the action is an equitable one, and was brought within the period required for the commencement of such suits, we think there is no force in this objection. The subject is fully considered in the opinion of the General Term, and does not require elaboration. Nor is there any force in the objection that the judgment recovered in the action brought by the executors for the construction of the will is a bar to this action. Ferguson, who was a party there, was not at that time the owner of the legacy, and as the owner was not a party he should not be deprived of his rights. The fact that the executors had no knowledge of the assignment does not alter the case, nor did the failure of Ferguson to allege that fact deprive the owner of his rights. Even although Ferguson subsequently took an assignment of the legacy from Duffany, as he was not the owner, at the time, the judgment could not affect him. He acquired a new and different title from Duffany, the owner, and the judgment did not reach such title, or in any way impair its validity, and Ferguson had the perfect right to dispose of it to the plaintiff, and the plaintiff acquired a good title by the transfer to him.

The order should be affirmed and judgment absolute ordered for the plaintiff on the stipulation, with costs.

All concur, except EARL, J., dissenting, RUGER, Ch. J., and ANDREWS, J., taking no part.

Order affirmed and judgment accordingly.