JOHN ANDERSON, as Surviving Executor, etc., of ISAAC De MOTT, Deceased, Plaintiff, v. ROBERT A. DAVISON, Defendant.

*Will — when legacies are charged upon real estate.*

The plaintiff's testator, after giving to his wife the use of two rooms of his dwelling-house and also the use of $10,000, to be paid to her annually during her natural life in lieu of her dower, and to each of four grandchildren the sum of $4,000, to be paid to each on arriving at the age of twenty-one years, gave and bequeathed " all the rest, residue and remainder of my (his) real and personal estate, goods and chattels of what kind and nature soever," to his only son, Charles. He appointed Charles and two other persons executors, and empowered them to sell all his real estate. The personal estate was never sufficient to satisfy the said gifts and bequests, and some of it was lost by the residuary legatee, Charles White, while acting as executor.

*Held,* that the legacies were charged upon the real estate, and that the sole surviving executor had power to sell the real estate to provide a fund from which to pay them.

Submission of a controversy upon an agreed statement of facts.

The question submitted was whether or not the plaintiff, as the survivor and only acting executor of the last will and testament of Isaac De Mott, deceased, had the power to sell the real estate of one De Mott, and convey a good title thereto.

On the 16th day of January, 1877, Isaac De Mott died, leaving a last will and testament, which contained, among others, the following provisions :

"*First.* I give and bequeath to my wife, Jane De Mott, the use of the choice of two rooms of my dwelling-house, and also the use of $10,000, to be paid to her annually by my executors herein named during her natural life, to be accepted and received by her in lieu of dower.

" *Secondly.* I give and devise to my grandchildren, Laura De Mott and Theodore De Mott and Julius De Mott and Lydia De Mott and Walter De Mott, the sum of $4,000, to be paid to each of them as soon after my decease as they arrive at twenty-one years of age.

" *Third.* And I hereby give and bequeath to my only son, Charles S. De Mott, and lastly, as to all the rest, residue and remainder of my real and personal estate, goods and chattels of what kind and nature soever.

"*Fourth.* I do hereby nominate and appoint my son, Charles S. De Mott, and my brother, Daniel De Mott, and John Anderson, to be the executors of my last will and testament, hereby revoking all former wills by me made.

"*Fifth.* I hereby empower my said executors to sell all my real estate, private or public sale, as to the best advantage."

Jane De Mott, the widow of said Isaac De Mott, died at Hempstead, aforesaid, on the 15th day of April, 1882; Charles S. De Mott, the acting executor of said will of Isaac De Mott, and the residuary legatee therein named, died at Hempstead, aforesaid, on the 6th day of September, 1885, and since his death John Anderson, the surviving executor named in the will of Isaac De Mott, has taken charge of the papers of his estate and assumed control thereof. All the personal estate, with the exception of a few hundred dollars which belonged to the estate of Isaac De Mott, had been expended or lost by the said Charles S. De Mott, acting executor, in his lifetime; and there is no personal estate of the said Isaac De Mott, deceased, nor of the said Charles S. De Mott, deceased, with which the said legacies can be paid, and the same cannot be paid or reserved, excepting out of the real estate of the said Isaac De Mott, deceased; there still remains certain real estate of the said Isaac DeMott, in and about the town of Hempstead, Queens county, amounting in the aggregate to the value of about $15,000.

*A. N. Weller,* for the plaintiff.

*Robert A. Davison,* for the defendant in person.

BARNARD, P. J.:

The intent of the will seems to be plain, that his entire estate, real and personal, is charged with the payment of debts and the legacies named in the will. It is only the "rest, residue of my real and personal estate" which is given to the son Charles. If this be the true construction of the will, the sale is imperatively ordered. A power to sell, although described in words merely empowering the executor to do so, is imperative when the purposes of a will require a sale. (*Mott* v. *Ackerman*, 92 N. Y., 539.) If the power of sale was imperative, a sale could be made even by an administrator with the will annexed. (*Cooke* v. *Platt*, 98 N. Y., 35.) A power of sale

given by will can be executed when the fee is devised to residuary legatees. The power is not inconsistent with the devise. (*Crittenden* v. *Fairchild*, 41 N. Y., 289.) The facts in this case show a necessity of the sale for the purposes of the execution of the provisions of the will. By its terms $10,000 was to be invested to produce an annual income to the widow for life, and $20,000 was given absolutely to the grandchildren. There was never enough of the personal estate to raise these sums after the debts were paid, and the residuary legatee who was then acting executor has in some way lost it. The infant grandchildren should not be held responsible for the mismanagement of the executor. The title is therefore good and the defendant should take the same.

PRATT, J. :

The question in this case is whether plaintiff, as executor, has the power to sell lands of his testator. The will of plaintiff's testator contains a power of sale, coupled with no trust. Before the creation of the power the testator had devised to his son all of his real estate. There is no discretion in the will as to what disposition shall be made of the proceeds of sale. But there are a number of specific legacies amounting in the aggregate to $30,000. The personal property left by testator amounted to $20,000, and there were debts to the amount of about $3,000.

The residuary clause to the will seems to blend the real and personal property in one fund. There is no specific devise of real estate, but the legacies are made payable out of the whole estate without distinction so far as any language in the will is concerned. It is plain from reading the whole will that the testator intended the legacies to be charged upon the realty. (*Hoyt* v. *Hoyt*, 85 N. Y., 142; *Scott* v. *Stebbins*, 91 N. Y., 605.) The clause conferring the power is as follows: *First.* I hereby empower my executors to sell all my real estate, private or public sale, as to the best advantage.

It will be observed that the language is clear and emphatic, and leaves no room for conjecture. Nothing can be more manifest than the fact that the testator intended to authorize the executors to sell his real estate. The surrounding circumstances all show such an intention. The giving of legacies far beyond the amount of his personal property, and the direction to set apart ten thousand dol-

lars and invest it for the use of his widow, make the will inconsistent with any other theory. Such a power can be upheld by authority. (*Crittenden* v. *Fairchild*, 41 N. Y., 289 ; *Scott* v. *Stebbins*, *supra* ; *Kinnier* v. *Rogers*, 42 N. Y., 537.)

A judgment should be entered for the plaintiff upon the case submitted, requiring the defendant to accept the plaintiff's deed, and to pay the consideration, without costs.

Judgment for plaintiff upon submitted case.