CLEMENTINE SCHNORR AND OTHERS, PLAINTIFFS, v. HER-
MINA (OTHERWISE CALLED HERMINE) SCHROEDER AND
OTHERS, DEFENDANTS.

*Legacies — when not a charge upon the real estate of the testator.*

A testator, after making certain specific bequests, and giving other legacies of
$1,000 each to three persons, two of whom were nephews, gave, devised and
bequeathed all the rest, residue and remainder of all his estate, both real and
personal, to his daughter. At the time of making the will, March 17, 1883, the
testator had over $30,000 in personal property, some of which he subsequently
invested in real estate. At the time of his death, in March, 1885, he had not
sufficient personal property to pay his debts and funeral expenses.

*Held,* that the legacies were not to be deemed a charge upon the real estate of
the testator

SUBMISSION of a controversy upon an agreed statement of facts,
under the provision of section 1279 of the Code of Civil Procedure.

*Jesse K. Furlong,* for the plaintiffs.

*Richard M. Brum,* for the defendants

VAN BRUNT, P. J. :

The testator, on the 17th day of March, 1883, made, published
and declared his last will and testament, by which he directed his
executors to pay debts and funeral expenses. He then made some
specific bequests to one Clementine Jenne Rosse Rottier. He then
gave three legacies of $1,000 each to three persons, two of them
nephews, and then gives, devises and bequeaths all the rest, residue
and remainder of all his estate, both real and personal, to his daughter.
At the time of making this will, the testator had over $30,000 in
personal property. Some of this he subsequently invested in real
estate, and at the time of his death in March, 1885, he had not
sufficient personal property to pay his debts and funeral expenses,
and the question now submitted to the court is as to whether the
legacies above mentioned are to be deemed a charge upon the real
estate of the testator.

This question is a matter of intention, and such intention may
be gathered from the will itself, and also from the circumstances
surrounding the testator at the time of the making of the will.

Thus it has been held that where it appeared that the testator must have known at the time of making his will that he had no personal estate and that he had real estate, and legacies are given, it will be presumed that the testator did not intend to go through an idle ceremony in making the bequests, but that he intended them to be paid; and that as he knew that they could only be paid out of his real estate, he must have intended them to be a charge upon his real estate. (*McCorn* v. *McCorn*, 100 N. Y., 511.) But where, at the time of making the will, the testator has ample personal estate to satisfy all the legacies mentioned in the will, no intention can be inferred of making the payment of legacies a charge upon his real estate, unless the terms of the will itself require this interpretation. The mere existence of a general residuary clause is not sufficient to raise the presumption of an intent to charge real estate with the payment of legacies. There must be something more, or the intention will not be rendered sufficiently apparent to make the legacies a charge upon the real estate thus devised.

The case of *Hoyt* v. *Hoyt* (85 N. Y., 142), cited by plaintiff's counsel, does not bear out the view which is sought to be derived from it. It is true that in that case, at the time the testator made his will, that he had sufficient personal property to pay the legacies mentioned in his will, but the court base their decision upon the fact that after a change in his circumstances, and when he had no longer sufficient personal property to pay the legacies named in the will, the testator republished his will and, in a codicil, inserted a power of sale of his real estate, in view, as the court say, of the lack of personal property to pay these legacies.

The decision in the case of *Scott* v. *Stebbins* (91 N. Y., 605) turned upon the fact that the legacy mentioned in the will was to a son, and was given him to make him equal to another son to whom he had previously made advances, and they could not be made equal except by the payment of the legacies in full.

In the case at bar, there being no indication of any intention of the testator to charge his real estate with the payment of legacies, and the rule in England, that if legacies are given generally and the residue of the real and personal estate is afterward given in one mass the legacies are a charge on the residuary, real as well as personal, estate, not being recognized by the courts of this State, the

legacies in question did not become a charge upon the real estate of the testator.

Judgment accordingly.

DANIELS and BARTLETT, JJ., concurred.

Judgment ordered as directed in opinion.