HAWES *v.* GAS CONSUMERS' BEN. CO.

*(Common Pleas of New York City and County, General Term.*   February 2, 1891.)

TRANSFER OF STOCK—LIABILITY OF CORPORATION.

> In an action to recover certain shares of stock in a corporation, in which the corporation was made a defendant, judgment was rendered for plaintiff against the other defendants for the stock or its value, and restraining the corporation from disposing of or transferring the stock.   No interim injunction, however, had issued, and it appeared that, before the judgment, the stock had been transferred from the other defendants on the books of the corporation.   *Held,* that an assignee of the judgment could not, in an action thereon against the corporation, recover from it the stock or its value.

Appeal from equity term.

Action by Gilbert R. Hawes against the Gas Consumers' Benefit Company of the United States, to recover 25 shares of stock in defendant corporation, or, instead, the value of that stock.   Plaintiff sues as assignee of a judgment obtained by Eugene S. Kass against William B. Hollister, Alletta D. Macmurdo, and this defendant.   In the action wherein the judgment sued on was recovered, William B. Hollister, Alletta D. Macmurdo, and this defendant were parties defendant, but this defendant neither appeared nor interposed an answer or demurrer; and judgment went against this defendant by default.   By that judgment it was adjudged and decreed that the plaintiff recover of William B. Hollister and Alletta D. Macmurdo 25 shares of this defendant's capital stock, or, instead, the value of that stock, and that this de-

fendant be enjoined and restrained from disposing of said stock or transferring it on the books of the company.   On trial by the court without a jury judgment was rendered for plaintiff, and defendant appeals.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*H. Aplington,* for appellant.   *Gilbert R. Hawes, in pro. per.*

PRYOR, J.  It is clear, beyond controversy, that the judgment appealed from cannot be sustained.   No cause of action against the defendant is exhibited by the complaint or apparent upon the evidence.   Respondent sues as assignee of a judgment, and upon the title of the plaintiff in that judgment; and, by the transfer of the judgment, respondent acquired no other or greater right than was vested in his assignor.   This is elementary law.   But respondent's assignor, suing upon his judgment, could not have recovered the stock or its value of this defendant, for the obvious and all-sufficient reason that his judgment gave him no right to recover the stock or its value of this defendant.   The judgment here sued upon awarded respondent's assignor the stock or its value as against Hollister and Macmurdo, but not as against this defendant; and the only relief allowed against this defendant was an injunction against the transfer of the stock.   Upon that judgment no execution for the stock or its value could have issued against this defendant, and the only possible remedy upon the judgment against this defendant was process of contempt for violation of the injunction.   But even that redress was not available against this defendant, for no interim injunction issued, and it is a conceded fact in the case that this defendant transferred the stock prior to the judgment of injunction.   Had the complaint herein alleged an assignment to respondent of some right to the stock independently of the judgment, a different case would have been presented; but since the only foundation of this action is the judgment, and since that judgment authorizes no recovery of the stock or its value of this defendant, it follows that the present judgment is untenable.

As the appeal may be disposed of upon a point not suggested by counsel, it is not necessary to consider their elaborate arguments on the merits of the case; but, with the hope, probably a vain hope, of arresting an expensive litigation, we proceed to demonstrate that in no event, and by no form of action, is it possible for plaintiff to recover the stock or its value of this defendant.   William B. Hollister retained plaintiff and one Marston, as his attorneys, to prosecute a suit against one Jackson, for the recovery of 100 shares of defendant's capital stock, plaintiff to receive in compensation of his services 25 per cent. of the amount of the recovery.   The action resulted in favor of Hollister, and he recovered 100 shares of defendant's stock.   The stock was issued in a single certificate to Marston as attorney.   Thereafter Marston assigned and delivered the certificate to Hollister, plaintiff in the judgment, who surrendered the certificate to the defendant corporation, and demanded and received in return four several certificates, in the name of Alletta D. Macmurdo, one for 30 shares, one for 20 shares, and two for 25 shares each.   Neither of these 25-share certificates (Nos. 178 and 179) purported to be the property of Hawes, the plaintiff, nor was either of them ever in his possession.   At this stage of the transaction, Hawes assigned to Kass his "claim" to one of the 25-share certificates, but which one was not specified; and thereupon, after demand, Kass sued defendant to recover a—not the—25-share certificate.   Pending this action, but before judgment, Macmurdo, the then holder of the certificates, for value received and by formal assignment, sold and delivered these certificates to one Swift, with an irrevocable power of attorney "to make the necessary transfer on the books of the company;" and thereupon, pending the action, but before judgment, Swift surrendered the certificates to the company, and the company issued and delivered to Swift other certificates in lieu of those surrendered.   At the time of this surrender

of the old, and the issue of new, certificates to Swift, the company had notice that Hawes or his assignee, Kass, made claim to some 25 shares of the stock recovered by Hollister. The certificates, on their face, declared that they were "transferable only on the books of the company on surrender of the certificates." The foregoing are the essential facts of the case upon the determination of the present appeal.

The action, be it remembered, is not between Hawes and Swift, to ascertain the validity of their competing claims to the stock, but is between Hawes and defendant corporation, to determine whether defendant is liable as for a wrongful transfer of the stock to Swift. Hawes never had title, legal or equitable, to any specific stock or certificate. His claim was only that, of the 100 shares recovered by Hollister, and then held by Macmurdo, by certificates in her name, some 25 shares were due to him for his services to Hollister in his action against Jackson. But meanwhile the stock, originally taken in the name of Marston as attorney, had been assigned to Hollister; and defendant company, upon the surrender of the stock by Hollister, had issued new certificates to Macmurdo. Two of these new certificates, each for 25 shares, were duly assigned to Swift for value received, and this pending the action by plaintiff's assignor to recover 25 shares of stock from Hollister, Macmurdo, and this defendant. In the action by Kass, plaintiff's assignor, against this defendant, with others, the claim was for the identical stock here in controversy. There Kass sued upon this plaintiff's title to the same stock, and the judgment denied a recovery of the stock or its value from this defendant. Plaintiff here sues only as assignee of that judgment; and, so suing, he subjects himself to the full operation and effect of that judgment, namely, to the estoppel of that judgment upon his assignor against again litigating the right to recover the stock or its value from defendant. *Bush* v. *Knox*, 2 Hun, 576, 578; 1 Greenl. Ev. § 536; *Adams* v. *Barnes*, 17 Mass. 365; *Scott* v. *Stebbins*, 91 N. Y. 605, 615; 7 Rob. Pr. 131, 134.

Supposing, however, there be no estoppel upon plaintiff; and still he is confronted by an insuperable bar to the recovery of the stock or its value, as against this defendant. Disclaiming for a stock certificate the characteristic property of negotiable paper, namely, the power of the holder to transfer a better title than he himself possesses, another principle, peculiar to stock certificates, here operates for the protection of the defendant company. It is not pretended that, when defendant issued the certificates to Macmurdo, it had any notice of plaintiff's claim, or of any infirmity in Hollister's or Macmurdo's title to the stock. When, therefore, Swift presented himself with the certificates, duly assigned for value, and with authority to transfer them on the books of the company, it was the legal obligation of defendant to accept the surrender of the certificates, and to issue new certificates to Swift. *Holbrook* v. *Zinc Co.*, 57 N. Y. 616; *Bank* v. *Lanier*, 11 Wall. 369; *Railroad Co.* v. *Schuyler*, 34 N. Y. 79; *Bridgeport Bank* v. *New York, etc., R. Co.*, 30 Conn. 270; *Crocker* v. *Railroad Co.*, 137 Mass. 417; *Weyh* v. *Boylan*, 85 N. Y. 395, 399. And since defendant's obligation to issue the certificates to Swift, imposed by the recital in Macmurdo's certificates, was incurred by no fault of its own, and without any imputation of notice of plaintiff's rights, it results necessarily that no legal liability can be fastened upon defendant for the discharge of that obligation. Judgment reversed, and new trial ordered, with costs to abide the event. All concur.