ELDRED A. CARLEY, as Executor of AUGUSTA M. HARPER, Deceased, Respondent, *v.* ELIZABETH F. HARPER et al., Respondents, and FLORENCE S. CLOYD et al., Appellants, Impleaded with Others.

Will — provisions of will construed and held that legacies should be charged upon real estate not specifically devised — held, also, where testatrix devised all of her "right, title and interest" in real estate in which she then owned only a one-half interest, that the devisee took all of the interest which testatrix had acquired at the time of her death.

1. The will of testatrix gave legacies to relatives and strangers, to be paid, together with debts and expenses of administration, out of a fund which, excluding real estate, was less than the amount of

the legacies. There were several parcels of real estate and the will contained a power of sale. It also mingled real and personal property in a residuary clause, with directions to pay transfer taxes out of the residue. · *Held*, that effect can only be given to the entire plan and purpose of the will when construed by the aid of the surrounding circumstances by charging the legacies upon the real estate not specifically devised.

2. A devise of real estate, universal in its terms, · would carry after-acquired land without language pointing to the period of testator's death, but in the absence of unlimited terms in the will there must be language which will enable the court to see that the testator intended it to operate upon real estate which he should afterwards purchase.

3. Testatrix devised to her sister " all my right, title and interest " in certain parcels of land in which she at that time owned only a one-half interest. She subsequently acquired the other half interest. *Held*, on examination of the terms of the will, that the sister took under this clause all the interest which testatrix had in such lands at the time of her death. (Decedent Estate Law [Cons. Laws, ch. 13], § 14.)

*Carley* v. *Harper*, 166 App. Div. 473, affirmed.

(Argued October 26, 1916; decided November 21, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 16, 1915, which modified and affirmed as modified a judgment of Special Term construing the will of Augusta M. Harper, deceased.

The facts, so far as material, are stated in the opinion.

*Percival H. Gregory* and *Algernon S. Norton* for appellants. The general legacies were not charged upon the land, nor are they payable from the proceeds of its sale. (*Fries* v. *Osborn*, 190 N. Y. 35; *Lynes* v. *Townsend*, 33 N. Y. 558; *Lediger* v. *Canfield*, 78 App. Div. 597; *Lee* v. *Lee*, 88 Va. 805; *Bevan* v. *Cooper*, 72 N. Y. 317; *Hoyt* v. *Hoyt*, 85 N. Y. 142; *Scott* v. *Stebbins*, 91 N. Y. 605; *Taylor* v. *Tobin*, 38 N. J. Eq. 91; *Briggs* v. *Carroll*, 117 N. Y. 288; *Hinman* v. *Haurand*, 2 App.

Div. 146, 151; 159 N. Y. 546; *Turner* v. *Mather*, 86 App.
Div. 172; 179 N. Y. 581.) The gifts to Sarah E. Skil-
lin and her children are gifts to a class. (*Morris* v.
*Sickly*, 133 N. Y. 456; *Matter of Barrett*, 132 App. Div.
134; *Smith* v. *Bell*, 6 Pet. 68; *Hoppock* v. *Tucker*, 59
N. Y. 202; *Ferrer* v. *Pyne*, 81 N. Y. 281; *Moffett* v.
*Elmendorf*, 152 N.Y. 475; *Roosevelt* v. *Porter*, 36 Misc.
Rep. 441; *Dick* v. *Lacy*, 8 Brev. 214.) The specific
devise of all the right, title and interest of the testatrix
in certain premises in which she had only a one-half
interest at the time, and the residuary devise of all the
rest, residue and remainder of her real property, operate
together to pass the then interest of the testatrix to the
specific devisees and the after-acquired interest to the
residuary devisees. (*Dodge* v. *Gallatin*, 130 N. Y. 117;
*Lynes* v. *Townsend*, 33 N. Y. 558; *Quinn* v. *Harden-
brook*, 54 N. Y. 83; *Pond* v. *Bergh*, 10 Paige, 140; *Wet-
more* v. *Parker*, 52 N. Y. 450; *Rogers* v. *Rogers*, 153
N. Y. 343; *Mueller* v. *Buenger*, 184 Mo. 458; *Youngs* v.
*Youngs*, 45 N. Y. 254; *Brimmer* v. *Sohier*, 1 Cush. 118;
*Hodgkins* v. *Hodgkins*, 123 App. Div. 110.)

*Augustus H. Skillin* respondent in person and for
Dallas H. Skillin et al., respondents. The testatrix
intended to blend her real estate not specifically devised
with her personal property not specifically bequeathed
and from this common fund she intended the general
legacies contained in her will to be paid. (*Matter of
Hendrickson*, 140 App. Div. 388; *Cornell* v. *Van
Wormer*, 134 App. Div. 767; *Matter of Title G. & T. Co.*,
195 N. Y. 339; *Williams* v. *Jones*, 166 N. Y. 522; *Mat-
ter of Thompson*, 217 N. Y. 111; *Le Fevre* v. *Toole*, 84
N. Y. 95; *Foster* v. *Civill*, 20 Hun, 282; *Hoyt* v. *Hoyt*,
85 N. Y. 142; *Ragan* v. *Allen*, 7 Hun, 537; *Scott* v.
*Stebbins*, 91 N. Y. 605.) In the provisions for S. Amelia
Skillin, Florence Skillin Cloyd, Simeon D. Skillin and
Sarah E. Skillin contained in clauses eighth, ninth and

tenth of the will the shares are given to the legatees as tenants in common, are not given to the legatees as a class, and S. Amelia Skillin having died before the testatrix, without leaving any descendants, the legacies to her lapsed. (*Matter of Kimberly*, 150 N. Y. 90; *Matter of Tancargo*, 170 App. Div. 10; 2 Williams on Executors [7th Am. ed.], 506; Jarman on Wills [6th ed.], 432; *Savage* v. *Burnham*, 17 N. Y. 561; *Herzog* v. *Title G. & T. Co.*, 177 N. Y. 86; *Matter of Russell*, 168 N. Y. 169; *Matter of Barrett*, 132 App. Div. 134; *Staples* v. *Mead*, 152 App. Div. 745; *Matter of Wells*, 113 N. Y. 396; *Moffett* v. *Elmendorf*, 152 N. Y. 475; *Matter of Fassig*, 82 Misc. Rep. 234; *Matter of Hoffman*, 201 N. Y. 247; *Langley* v. *Westchester Trust Co.*, 180 N. Y. 326.) There was competent and sufficient proof that when the testatrix made her will her personal property was insufficient to satisfy the general legacies. (*Matter of Hendrickson*, 140 App. Div. 388; *Matter of Title G. & T. Co.*, 195 N. Y. 339; *Cloak* v. *Hammond*, L. R. [34 Ch. Div.] 255; *Henderson* v. *Henderson*, 1 I. R. [1905] 353.) The allowances to the defendants were proper. (Code Civ. Pro. § 3230; *Allen* v. *Stevens*, 161 N. Y. 122; *Brown* v. *Brown*, 41 N. Y. 507; *Thurber* v. *Chambers*, 66 N. Y. 42; *Gourley* v. *Campbell*, 66 N. Y. 169; *Town of North Hempstead* v. *Oelsner*, 148 App. Div. 779.)

*James W. Treadwell* and *Fred Ingraham* for Elizabeth F. Harper et al., respondents. The testatrix being seized of the whole title to parcels "A," "B," "C" and "D" at the time of her death, the devise in the 5th clause of all her "right, title and interest" therein carried that whole title, although an undivided half was acquired after the date of the will. (*Byrnes* v. *Baer*, 86 N. Y. 210; *Lent* v. *Lent*, 24 Hun, 436; *Hodgkins* v. *Hodgkins*, 123 App. Div. 110; *McLean* v. *Freeman*, 70 N. Y. 81; *Nellis* v. *Nellis*, 99 N. Y. 505; *Moffett* v. *Elmendorf*, 152 N. Y. 475; *Campbell* v. *Hinton*, 150 Ky. 546; *Gunning's*

*Estate,* 234 Penn. St. 139; *McKinley* v. *Martin,* 226 Penn. St. 550; *Downing* v. *Grigsby,* 251 Ill. 568.) The will as an entirety, and the surrounding facts, show that the ordinary construction of the devise in the 5th clause, which would regard it as speaking from date of death, accords with Mrs. Harper's actual intention. (*Byrnes* v. *Baer,* 86 N. Y. 210; *Matter of Dickinson,* 55 Conn. 223; *Willis* v. *Watson,* 5 Ill. 64; *Matter of Turner,* 208 N. Y. 261; *Reynolds* v. *Robinson,* 82 N. Y. 103; *Hodgkins* v. *Hodgkins,* 123 App. Div. 110; *Watson* v. *Priest,* 9 Mo. App. 263; *Scott* v. *Guernsey,* 48 N. Y. 106.) The trial court had power to award extra allowances to defendants. (*Hafner* v. *Hafner,* 34 Misc. Rep. 99; *Walter* v. *Walter,* 60 Misc. Rep. 570; *Allen* v. *Stevens,* 161 N. Y. 122; *Fraser* v. *McNaughton,* 58 Hun, 30.)

*Daniel Whitford* for James Harper et al., respondents. It was the intent of the testatrix to blend her real and personal estate, except such as was specifically devised or bequeathed, to be applied to the payment of all legacies given by her will. (*Taylor* v. *Dodd,* 58 N. Y. 335; *Kalbfleisch* v. *Kalbfleisch,* 67 N. Y. 354; *Le Fevre* v. *Toole,* 84 N. Y. 95; *Hoyt* v. *Hoyt,* 85 N. Y. 142; *Scott* v. *Stebbins,* 91 N. Y. 605.) At the time of the execution of her will testatrix was fully aware of the condition of her property and its value. Such condition at the time the will was executed has been fully shown by the evidence. (*Matter of Powers,* 124 N. Y. 368; 1 Greenl. on Ev. § 44; *Leland* v. *Cameron,* 31 N. Y. 120; *Bently* v. *Falkner,* 24 App. Div. 562.) The legacies to Sarah E. Skillin, S. Amelia Skillin, Florence Skillin Cloyd and Simeon D. Skillin contained in clauses "eighth," "ninth" and "tenth" of the will were given to said legatees as tenants in common, not as a class, and S. Amelia Skillin having predeceased testatrix without leaving any descendants her share of the legacies contained in clauses "eighth" and "tenth" of the will and one-fourth of the legacy

given under the "ninth" clause, Julia Louise Skillin having also predeceased testatrix, lapsed. (*Savage* v. *Burnham*, 17 N. Y. 561; *Matter of Wells*, 113 N. Y. 396; *Matter of Kimberly*, 150 N. Y. 93; *Moffett* v. *Elmendorf*, 152 N. Y. 477; *Matter of King*, 200 N. Y. 189; *Schettler* v. *Smith*, 41 N. Y. 335.) The allowance to the defendants was within the discretion of the court. (*Walter* v. *Walter*, 60 Misc. Rep. 570; *Hafner* v. *Hafner*, 34 Misc. Rep. 99; *Allen* v. *Stevens*, 161 N. Y. 149.)

*George C. Lay* for Ella V. Miller et al., respondents. The legacies are a charge upon the real estate. (*Brill* v. *Wright*, 112 N. Y. 129; *Hoyt* v. *Hoyt*, 85 N. Y. 142; *Taylor* v. *Dodd*, 58 N. Y. 335; *McCorn* v. *McCorn*, 100 N. Y. 511; *Kalbfleisch* v. *Kalbfleisch*, 67 N. Y. 354; *Dunham* v. *Deraismes*, 165 N. Y. 65; *Ely* v. *Ely*, 163 App. Div. 320.) The court had power to grant allowances to the defendants under section 3253 of the Code, as this was a difficult and extraordinary case. (*Allen* v. *Stevens*, 161 N. Y. 122.)

POUND, J. Testatrix was a widow who had in 1896 received a considerable amount of property from her husband's estate. She made her will in July, 1900. She died in December, 1911. The general legacies given by her will aggregated $132,200. They are not specifically charged upon the real estate. She left personal property, exclusive of specific bequests, amounting to less than $82,000. She also left real estate not specifically devised. In 1903 she had expended $29,500 in the purchase of real estate specifically devised. The trial court found and the Appellate Division has not disturbed the finding, that "when she made her will, the testatrix possessed and knew or believed she possessed, exclusive of personal property specifically bequeathed by her will," the sum of $97,589.77. Upon the finding that "testatrix intended and did charge the general pecuniary legacies mentioned

CARLEY v. HARPER. 301

1916.] Opinion, per. POUND, J. [219 N. Y.]

in her will upon her real estate not specifically devised,"
the Appellate Division was not unanimous in affirming
the judgment of the trial court, and the first question
to be considered here is whether such finding is based
on sufficient evidence. The principles to be applied in
determining whether a legacy is charged by implica-
tion upon the real estate of a testator have been fre-
quently stated and were recently considered in this court
in *Ely* v. *Megie* (219 N. Y. 112). The intention of the
testator is the guide. It is determined from the language
of the will read in the light of extrinsic circumstances.
We are not to lose sight of the rules which discriminate
between wills of real and personal property. We are not
to " act upon a conjecture, however plausible." (DENIO,
Ch. J., in *Lynes* v. *Townsend*, 33 N. Y. 558, 569.) If the
intent is not expressed it must be fairly and satisfactorily
inferred. (*Lupton* v. *Lupton*, 2 Johns. Ch. 614.) The
relation of the beneficiaries of the will to the testator is
not to be overlooked and the presumption favors children
rather than strangers. (*Scott* v. *Stebbins*, 91 N. Y. 605.)
The condition of testator's estate as he knew or believed
it to be at the time he made his will may reveal a
deficiency of personal property so great and so obvious as
to preclude any possible inference other than that he
intended to charge the legacies upon the real estate
(*Briggs* v. *Carroll*, 117 N. Y. 288, 292), but an intention
to charge the land will not be inferred from such dis-
parity, even though serious, if the testator might have
been unconscious of its existence, mistaken in judgment
as to the value of his personal property, or in reasonable
expectation of increasing his personal estate before his
death. (*Briggs* v. *Carroll*, *supra*.) The presence of a
power of sale of real estate otherwise unnecessary may
help the legatees (*Kalbfleisch* v. *Kalbfleisch*, 67 N. Y.
354; *Dunham* v. *Deraismes*, 165 N. Y. 65), as may the
blending of real and personal property in the residuary
clause. (*Scott* v. *Stebbins*, 91 N. Y. 605, 613; *McCorn* v.

*McCorn,* 100 N. Y. 511; *Brill* v. *Wright,* 112 N. Y. 129; 2 Jarman on Wills, 1413.) The direction to the executors to pay the transfer tax on the legacies from the residue is a circumstance suggesting that the legacies should be paid in full. Subsequent reduction of personal property and increase of real estate has a bearing on the question. (*Scott* v. *Stebbins, supra.*) But these are circumstances merely and each will is to be considered as a harmonious whole and not as a combination of ill-fitting fragments (*Crumpe* v. *Crumpe,* L. R. [App. Cas. 1900] 127, 130, 132), and if the will is drawn by a competent lawyer the failure expressly to charge the legacies upon the real estate should be, but perhaps is not, as significant a circumstance as any.

In the case before us we have, as evidence of intention of the testatrix at the time of making the will, many legacies to relatives and strangers aggregating $132,200, to be paid, together with debts and expenses of administration, out of a fund which was about $35,000 less than the amount of the legacies. We have also the incidents of a power of sale, a mingling of real and personal property in a residuary clause, and a direction for the payment of the transfer tax out of the residue, all of which harmonize with an intention to charge the real estate.

In the *Ely* case Judge HOGAN says the suggestion is incredible that testator should at the end of his days, with full knowledge of his affairs, intend to leave a wholly inadequate fund from which to pay his legatees and to die intestate as to his real estate. The fund here is not so inadequate as to carry that suggestion. Testatrix owed no debts. She may have expected to increase her estate. The personal property is not disposed of in such fashion that unless the legacies are charged on the real estate the natural objects of testatrix's bounty receive nothing, or less than equity suggests as their share. It would not be " a mockery and an absurdity " to impute to testatrix an intention that the legacies should not be

paid if the personal estate was insufficient. (MILLER, J., in *Scott* v. *Stebbins, supra.*)   At the same time we cannot give effect to the entire plan and purpose of the will without charging the legacies upon the real estate not specifically devised.   Whether or not when she executed it she expected that such real estate would be sold to pay legacies we cannot say, but we can say that everything in the will is consistent with such an intention, and that the power of sale and the blending of real and personal property in the residuary clause compel the conclusion that she intended to mingle the personal and the real not specifically devised in a common fund.   While we should not vex established rules to sustain mere conjectures, the artificial distinctions between wills of real and personal property should not be magnified when the circumstances surrounding the execution of the will permit the conclusion from the language thereof that the testatrix intended that the legacies should be paid (*Bevan* v. *Cooper*, 72 N. Y. 317), and that they were not meant to be nugatory or unavailing. (*Taylor* v. *Dodd*, 58 N. Y. 335.) The language of this will, construed by the aid of the surrounding circumstances, reveals such intention juristically and justifies a finding that the legacies are a charge upon the real estate.

The next question has to do with the proper construction of the residuary clause.

In July, 1900, when the testatrix made her will, she owned an undivided one-half of premises called parcel C, an undivided one-half of the premises at Hempstead on which she resided (which clearly enough included parcels A, B and D), the whole of parcel F on Washington street and an undivided half of parcel E.   She devised to her sister, Julia A. Harper, "*all my right, title and interest*" in parcel C and in parcels A, B and D and "*the whole of*" parcel F.   By the residuary clause she gave one-half of the rest, residue and remainder of her property to her said sister, and the other half to Sarah E. Skillin and her

children. Three years thereafter she acquired the other one-half interest in parcels A, B and D from her sister Julia. Her interest in parcel E was disposed of before her death. The question is whether the subsequently acquired interest in parcels A, B and D passed under the devise to her sister or under the residuary clause. The will passed all the real estate which testatrix owned at the time of her death (Decedent Estate Law, § 14); and according to a well-settled rule speaks from the time of the death of testatrix. (*Nellis* v. *Nellis*, 99 N. Y. 505, 512.)

In England by the 24th section of the Wills Act (7 Wm. IV and 1 Vic. ch. 26) it is provided that "every will shall be construed with reference to the real estate and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator unless a contrary intention shall appear in the will." (28 Halsbury's Laws of England, 691; *Saxton* v. *Saxton*, L. R. [13 Ch. Div.] 359.) The rule has been formulated somewhat differently in this state. A devise of real estate, universal in its terms, would carry after-acquired land without language pointing to the period of testator's death, but in the absence of unlimited terms in the will there must be language which will enable the court to see that the testator intended it to operate upon real estate which he should afterwards purchase. (*Lynes* v. *Townsend*, 33 N. Y. 558.) That is the canon of construction we shall apply. In 1837 Chancellor WALWORTH in *Pond* v. *Bergh* (10 Paige Ch. 140, 150) failed to find such language in the will of the testator who devised all his "real estate lying and being in the county of Schoharie." He said "there is good reason to suppose he means to speak in reference to the lands he has already acquired there;" and on this supposed actual intention he held that subsequently acquired lands in Schoharie county did not pass under the clause quoted. But the language of testatrix does enable the court to see what her intention

was. She knew the difference between the words "one-half" and "all my right, title and interest," and "all the interest *that I now possess.*" If she had limited her devise to the one-half interest in such premises *that she then owned,* one-half of the subsequently acquired one-half would have gone from her sister to the Skillins. She had said in her will that "it is my wish that the homestead in which I now reside shall be retained by some member of my family as long as possible." It was more consonant with that wish to give it all to her sister if she acquired title to the whole before her death, than to leave one-half of it to be disposed of by the residuary clause. The draftsman of the will, by a discriminating use of language, in few but apt words expressed the intention of the testatrix that her sister should take not only the one-half interest in the homestead that testatrix then owned but also all the interest she should own therein when she died. (*Quinn* v. *Hardenbrook,* 54 N. Y. 83.)

The provisions for S. Amelia Skillin, Florence Skillin Cloyd, Simeon D. Skillin and Sarah E. Skillin in the eighth, ninth and tenth clauses of the will are for the legatees individually and not as a class. (*Matter of Kimberly,* 150 N. Y. 90.)

Costs were properly allowed to defendants. (Code Civ. Pro. § 3253, subd. 2; *Allen* v. *Stevens,* 161 N. Y. 122.)

I recommend that the judgment be affirmed, with costs.

CUDDEBACK, HOGAN and CARDOZO, JJ., concur; WILLARD BARTLETT, Ch. J., HISCOCK and COLLIN, JJ., dissent.

Judgment affirmed.