Matter of the Judicial Settlement of the Account of LOUISE F. KREUSSER, WALTER J. KREUSSER and EDWARD KREUSSER, as Executors of JOHN KREUSSER, Deceased.

(Surrogate's Court, Westchester County, July, 1919.)

Wills — construction of — intention of testator — legacies — life estates.

A will giving the executors a discretionary power of sale provided that if the proceeds of a sale of the residuary estate, in which testator's wife was given a life estate, were insufficient to pay in full certain legacies, which were less in amount than the personal estate, they should be paid *pro rata,* but should there be more moneys on hand, then such excess and such other moneys as may have reverted back to the estate by reason of the death of any of the legatees dying without issue, should " after all the other legacies herein provided have been paid in full " be divided equally among certain persons. *Held,* that the real estate was not charged with the payment of the legacies, but that it was testator's intention that they should be paid from the primary personal estate so far as it might go, and to create a life estate for his wife in the balance of the estate, and upon her death to pay the specified legatees the specified amounts.

PROCEEDINGS upon the judicial settlement of the account of executors.

George Haas, for executors.

Guernsey Price, for Anna Beyrodt.

Surrogate's Court, Westchester County, July, 1919.   [Vol. 108.

SLATER, S.   On this accounting, the court is asked to construe the will of decedent in so far as it may relate to the payment of legacies.   The decedent provided for the payment of his funeral expenses and made a specific gift of his household furniture to his wife.   By the 3d paragraph he disposed of certain jewelry and gave $500 in five cash legacies of $100 each.   By the 4th paragraph he gave $7,600 in fifteen cash legacies of specified sums of varying amounts. Included among the last mentioned legatees is Anna Beyrodt, who is contending that the legacies under the 3d and 4th paragraphs should be paid in full at this time.

It appears that at the time the decedent made his will and also at the time of his death he had about $11,000 personal property and the legacies under these two paragraphs amounted to $8,100.   The expenses of the estate, being a primary charge upon the personalty, reduce the money in hand at the present time to about $5,000 or less for the payment of these legacies.   The question is raised whether the legacies in these two paragraphs are not a charge upon the realty.   Whether a legacy is a charge upon real estate of a decedent is always a question of testator's intention.   *Carley* v. *Harper,* 219 N. Y. 295. A legacy is charged upon real estate when at the time of making the will the testator's personalty is considerably less than the amount of the legacies, indicating an intention upon the part of the decedent to have the legacies paid out of real estate.   This state of facts does not obtain here, because the legacies of the 3d and 4th paragraphs of the will are less in amount than the personalty, and I conclude that it was not the intention of the decedent to charge his real estate with the payment of the legacies in these two paragraphs of his will.   In the 5th paragraph of

the will the decedent gives and bequeaths all the rest, residue and remainder of his estate, real and personal, to his executors in trust, to pay the net income thereof to his wife during life, and upon her death the executors are directed to sell the real and personal estate and pay over the same to twenty-one beneficiaries therein named in varying amounts specified aggregating $47,400.

The 6th paragraph of the will states: " If there be not sufficient sums of money realized on the sale of my residuary estate to pay the above set forth legacies and bequests in full, then such legacies shall be paid pro rata, but should there be more monies on hand, then such excess and such other monies as may have reverted back to my estate by reason of the death of any of my legatees not leaving issue shall (*after all the other legacies herein provided have been paid in full*) be divided equally share and share alike unto and between Anna Beyrodt and all of my nephews and nieces and whom the said Anna Beyrodt and my said nephews and nieces I do hereby constitute, declare, make and appoint them to be the legatees of my said residuary estate."

This paragraph is followed by discretionary power of sale. The testator had in mind the withholding of a division of his estate until after the death of his wife and the payment of the " above set forth legacies and bequests in full," referring to those named in the 5th paragraph of the will.

The clause in the 6th paragraph " *after all the other legacies herein provided have been paid in full* " is very significant and indicates to a very marked degree what the testator had in mind, and I conclude that the scheme of his will was to pay the legacies under the 3d and 4th paragraphs from the primary personal estate so far as it might go, in the balance of the

Surrogate's Court, Westchester County, July, 1919. [Vol. 108.

estate to create the life estate of his wife, and upon her death to pay the specified legatees the specified amounts. If there was a deficiency to have those legacies paid *pro rata.* If there was an excess occasioned in any manner, that the other legacies, meaning the legacies in the 3d and 4th clauses, should be paid in full, and then the general residuary estate, if any, should pass to Anna Beyrodt and his nephews and nieces.

I so construe the will of the decedent and direct that decree be entered accordingly.

Decreed accordingly.