In the Matter of the Estate of MINNIE WESCOMBE CARPENTER, Deceased.

Surrogate's Court, Westchester County, July 9, 1934.

*Glenn N. Curnow*, for the petitioner.

*Griffin & Hoag*, for Marian A. Sexton, a legatee.

*Joseph T. Phelan*, special guardian.

SLATER, S. This proceeding is brought for the construction of the decedent's will which was admitted to probate in this court on January 25, 1934. The will was executed September 4, 1925. None of the parties who take under the provisions of the will are of blood relation to the decedent.

The will gave to a cousin so called — as a matter of fact she is a step-cousin — the sum of $2,500 " in fulfillment of an expressed wish of my beloved husband." A legacy to a servant in the sum of $2,000 was given " as a token of affection for loyal and faithful service to me." A legacy of $500 was given to a friend. A legacy of $5,000 was given for life to a person who predeceased the decedent, with remainder to Mildred E. Sheridan and Marian A. Sexton. The residuary estate is given to Florence McKinley Sheridan for life with remainder to the said Mildred E. Sheridan, a daughter of the life beneficiary.

The seventh paragraph contains a direction to sell, which paragraph reads as follows:

" *Seventh.* I nominate, constitute and appoint John J. Hughes of White Plains, New York, and Florence McKinley Sheridan, of Elmsford, New York, executor and executrix of this my last will

and testament and trustees of the trusts herein and hereby created, and I direct that no bond or undertaking be required of them as such executors and trustees, and I authorize, empower and direct them to sell any or all of my real and personal property and to give good and valid deeds of conveyance or bills of sale thereof."

The testatrix probably had it in mind that she would have ample personal estate to pay the legacies and the equity in the home would go to the residuary beneficiary. The unfortunate fact of this case is that the decedent used up most of the personal property and what she had at death was in mortgage certificates of small value at the present time. She left little or no estate and only a small equity in the home.

We must deal with the words of the will. We must seek the intention of the testatrix as expressed in the language of the will interpreted in the light of surrounding circumstances. It might be said that circumstances sometimes compel the creation of a preference by court decision, but here the ultimate residuary legatee is also a general legatee in the amount of one-half of the money legacies.

A marshalling of the whole estate, real and personal, and the payment of the money legacies would create no hardship under all the circumstances. In fact, it might be said that it would bring about a rather equitable division of the estate. It is claimed by the money legatees that the power of sale not only authorizes and empowers but " directs " the executors to sell the real estate. The residuary clause blends the real and personal estate.

Here, as in *Matter of Satterwhite* (262 N. Y. 339, 344), the testatrix *directed the sale*. Here, as there, we have an imperative direction to the executor to sell. The word " direct " must be construed as evidencing an intention of the testatrix that the real estate (the home) shall be sold. The distinction between the instant case and the case where there is no imperative power of sale, or equitable conversion directed by words or to be logically inferred, is that the testatrix *directs* the executors to sell *only* in their discretion. (*Furniss* v. *Cruikshank*, 230 N. Y. 495, 500; *Matter of Jackson*, 258 id. 281.) The instant case is not one of discretion, which might never be exercised at all. I hold that the will created an equitable conversion of the real estate and the real and personal property were blended and the money legacies must first be paid.

Under the authority of *Carley* v. *Harper* (219 N. Y. 295, 301) and *Matter of Kinreich* (137 Misc. 735, 738) the court could hold upon the facts of the instant case that the general legacies are charged against the real estate.

Submit decree in accordance with this opinion and decision.