MARY G. MORRIS, Respondent, *v.* ALFRED G. SICKLY, Impleaded, etc., Appellant.

While circumstances surrounding the testator at the time of making a will may, where the language of the will is of doubtful import, be proved for the purpose of arriving at the testator's intent, the intent then existing when ascertained must have effect, and may not be varied by after-occurring events, and so, circumstances occurring after the exe-cution of the will, and which could not have been within the contempla-tion of the testator at that time, may not be availed of as showing a different intent.

The will of G., after providing for the payment of debts, etc., gave two legacies amounting to $2,000; one of $1,800 to plaintiff, her sister, in whose family she resided; her residuary estate she gave to beneficiaries named. At the time the will was made G. owned no real estate, but had personal property of the value of about $2,500. A year after she purchased of plaintiff and her husband certain real estate, for which she paid $2,000, and, thereafter and at the time of her death, her personal property amounted to but about $500. *Held,* that plaintiff's legacy was not chargeable upon the real estate.

(Argued May 24, 1892; decided June 7, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 23, 1890, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to charge a general legacy on real estate of which the intestate died seized.

The facts, so far as material, are stated in the opinion.

*S. Hubbard* for appellant. The court erred in charging legacy to plaintiff on the land. (*Brill* v. *Wright*, 112 N. Y. 129; *Myers* v. *Eddy*, 47 Barb. 263; *Bevan* v. *Cooper*, 72 N. Y. 517; *Lupton* v. *Lupton*, 2 Johns. Ch. 614.) There is nothing in the extrinsic circumstances manifesting an intent by the words of the will to charge legacies upon real estate. The circumstances are in fact against such intent. (*Wiltsie* v. *Shaw*, 100 N. Y. 191; *Schnorr* v. *Schroeder*, 45 Hun, 148;

*Brill* v. *Wright*, 112 N. Y. 136 ; *Coleman* v. *Burr*, 93 id. 17 ; *Gridley* v. *Andrews*, 8 Conn. 1 ; *Betts* v. *Jackson*, 6 Wend. 181 ; *McCorn* v. *McCorn*, 100 N. Y. 513.)

*L. O. Reed* for respondent. The language of the will is sufficient to charge general legacies upon the residuary real estate. (*Ragan* v. *Allen*, 7 Hun, 537 ; *Tracy* v. *Tracy*, 15 Barb. 505 ; *Shulters* v. *Johnson*, 38 id. 80 ; *R. C. Church* v. *Wachter*, 42 id. 43 ; *Hoyt* v. *Hoyt*, 17 Hun, 192 ; *Reynolds* v. *Reynolds*, 17 N. Y. 257 ; *Thorp* v. *Munroe*, 47 Hun, 246 ; Redf. on Wills, 279 ; *Bevan* v. *Cooper*, 72 N. Y. 318.) The extrinsic circumstances proven in this case, together with the will itself and the language of the residuary clause, clearly establish the intention of the testatrix to charge the plaintiff's legacy upon her real estate. (*McCorn* v. *McCorn*, 100 N. Y. 513 ; *Scott* v. *Stebbins*, 91 id. 605.) The contention of appellant's counsel that, because decedent owned no real property at the date of the execution of the will, she could not have had an intention to charge her real estate with the payment of her legacies, is untenable. (1 Redf. on Wills, 560, 561 ; *Scott* v. *Stebbins*, 91 N. Y. 605.)

Earl, Ch. J. On the 14th day of April, 1873, Margaret M. Gray executed her will, in which, after providing that her lawful debts and funeral expenses should be paid, and a suitable tomb stone erected at her grave, she gave and bequeathed to her sister, Mary Morris, $1,800, and to her niece, Mary S. Gray, $200 ; and then she disposed of her residuary estate as follows :

" All the rest and residue and remainder of my estate, both real and personal, of which I may die seized and possessed, I give, devise and bequeath unto my brother, Sylvester Gray, of Groveland, my nephew, Alfred G. Sickly, of Groveland, and my sister, Elsie Sutfin, of Van Buren county, Michigan, to be equally divided between them."

She died on the 8th day of November, 1884, and her will was admitted to probate. At the time of the execution of the

will she did not own any real property, but all her property was personal, of the value of about $2,500. After the execution of the will, on the 30th day of May, 1874, she purchased of the plaintiff and her husband certain real estate, for which she paid the sum of $2,000, and which she owned at the time of her death ; and her personal property thereafter and at the time of her death amounted to only about $500. For a period of seven years prior to the execution of the will she had resided in the family of the plaintiff and her husband, and she continued to reside there until her death. She was a maiden lady, and at the time of her death was about seventy-two years old. The only compensation she paid to the plaintiff and her husband for her board in their family was the sum of $100 per year. Two of the three residuary legatees died before the testatrix.

Upon these facts the plaintiff claims that her legacy of $1,800 was a charge upon the real estate owned by the testatrix at the time of her death, and so the court below has held, and the real estate has been ordered by its judgment to be sold for the payment of the legacy.

The sole question for our determination is whether we can find, in the language of the will, together with the circumstances surrounding and attending its execution, that the testatrix intended to make the legacy a charge upon real estate.

The rules of law as to the language and circumstances which will be held sufficient to charge a legacy upon the real estate left by a decedent have been so frequently laid down and elucidated in this court that a further review of the authorities and a further discussion of the subject can serve no useful purpose, cannot render the law more certain, nor aid in its administration. We will, therefore, now content ourselves with a brief announcement of our views in this case.

It is now the settled law in this state that by the language contained in this will alone the legacy was not charged upon the real estate. (*Hoyt* v. *Hoyt*, 85 N. Y. 146; *Scott* v. *Stebbins*, 91 id. 614; *McCorn* v. *McCorn*, 100 id. 513; *Matter of the City of Rochester*, 110 id. 159; *Brill* v. *Wright*, 112

id. 129; *Briggs* v. *Carroll*, 117 id. 288.)   And so it was held in this case in the court below.

But it was held in the cases cited that such language as is. found in this will is not absolutely inconsistent with an intention to charge the real estate, and that for the purpose of ascertaining the intention of a testator extrinsic evidence properly bearing upon that intention, and by the rules of law allowable to explain the meaning of the language used may be. received in evidence.

Considering the circumstances surrounding the testatrix at the time of the execution of this will, and construing the language by the aid and in the light of such circumstances, we are yet unable to find that she intended to charge real estate. with the legacies, as she then owned no real estate, and her personal property was ample to pay the legacies; and this, too, seems to have been the opinion of the court below.

But the plaintiff's counsel contends that we may look at the. circumstances occurring and existing subsequently to the execution of the will, for the purpose of ascertaining the intention of the testatrix; and in this contention he seems to have been sustained by the court below, and by a consideration of the circumstances which we have above mentioned, which transpired after the execution of the will, it reached the conclusion that the legacy was charged upon the real estate.

Circumstances surrounding a testator at the time of the execution of his will may be given in evidence so that the court may see the facts as he saw them, and thus arrive at his intention, where the language alone is of doubtful import. The matter to be determined in the construction of a will is what did the testator intend at the time of its execution? And when that intention is ascertained, it must have effect, if not in conflict with any law.   Clearly, circumstances occurring long after the execution of a will could not have been within the contemplation of the testator, and could, therefore, throw no light upon the meaning of language which he then used. While a will is in some sense ambulatory as to the objects and subjects with which it deals, yet it is not ambulatory as to the.

meaning of the language used by the testator and the intention and purpose which controlled the disposition of his property. That intention and purpose must be found to exist at the time of the execution of the will, and cannot be varied or changed by any after-occurring events.

Therefore, as the language of this will, construed in the light of circumstances existing at the time of its execution, did not charge this legacy upon the real estate, circumstances occurring subsequently to its execution cannot be resorted to for the purpose of finding an intention to create the charge.

It is said by the counsel for the plaintiff that the case of *Scott* v. *Stebbins* (*supra*) sustains his contention. While there are some views expressed in the opinion in that case apparently in conflict with those expressed here, yet nothing was decided there which makes it an authority for the plaintiff here.

We are, therefore, of opinion that this judgment should be reversed and a new trial granted, costs to abide event.

All concur, except O'Brien and Maynard, JJ., dissenting.

Judgment reversed.