(86 App. Div. 240.)

### McMANUS v. McMANUS et al.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1 WILLS—LEGACIES—CHARGES ON REAL ESTATE.

> Where at the time testator executed his will he knew that his personal property was insufficient to pay a legacy of $5,000 to his adopted daughter, and the taxes, assessments, and repairs on a dwelling house devised to his wife for life, remainder to such daughter, such legacies would be construed to constitute a specific charge or lien on testator's real estate.

Appeal from Special Term, Kings County.

Action by James V. McManus, as executor of the will of John A. McManus, deceased, against Ellen C. McManus and others.   From a judgment charging certain legacies on testator's real estate, the executor appeals.   Affirmed.

The following is the opinion of the Special Term (Smith, J.) referred to in the opinion:

"I am satisfied, if the testator had personal estate of any appreciable amount at the time of the execution of his will, it was represented by the accounts in the various savings banks opened by him in his name in trust for his wife, his adopted daughter, and his sisters.   The only reasonable conclusion that I can arrive at from the evidence in the case is that the testator intended, when the accounts were opened, to create a trust for the benefit of the beneficiaries named therein; that he believed that at any time during his lifetime he had the right to revoke the trust, and change the disposition of moneys as he saw fit, and that all moneys standing in trust at his death should belong to the beneficiaries named in the various accounts.   No other theory harmonizes all the facts in the case, and the parties to the action seem to have adopted that theory in part, for all of the trust accounts in existence at the time of the testator's death have been closed out by the beneficiaries, and the money appropriated to their own use, and without objection on the part of the executors.   If the accounts in the savings bank belonged to the estate of the testator, and the executors obtained possession of the same, there would undoubtedly be sufficient personal property to satisfy the legacies.   Without these accounts the testator must have known, when he made his will, that his personal estate was insufficient to pay the legacies.   It is manifest that he intended these provisions for his wife and daughter, so carefully and thoughtfully made, to become effective.   He owed his first duty to them.   Intending that these legacies should be satisfied, and having reason to believe that his personal estate would be insufficient for that purpose, the result follows, in accordance with the law established in this state, that the legacies should be charged upon the real estate.   Hoyt v. Hoyt, 85 N. Y. 142; McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480.   Judgment directed accordingly."

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Vincent Victory, for appellant.

Edward F. Clark, for respondents.

PER CURIAM.   This is a suit for the construction of the will of John A. McManus.   The plaintiff is the executor under the will.   The defendants comprise the widow and next of kin of the testator, as well as Ella Agnes Svenson, formerly Ella A. McManus, a legatee under the will.   By the second article of the will the testator gave

a life estate in his dwelling house, No. 77 St. Marks avenue, Brooklyn, to his wife, and, in the event of the death or remarriage of his wife, a life estate in the same property to his adopted daughter, Ella Agnes McManus (now Svenson). In this same article provision is made for the payment of the taxes on the St. Marks avenue property in these words: "I do hereby order and direct that my executors pay the taxes, assessments and repairs on said house so long as it shall be occupied by my wife or adopted daughter." In the fourth article of the will the testator bequeaths to his adopted daughter, already mentioned, the sum of $5,000, to be paid to her as soon after his decease as possible.

The principal questions litigated upon the trial were (1) whether the payment of the taxes, assessments, and repairs on the St. Marks avenue property, as directed by the second article of the will, constituted a specific charge and lien upon the real estate of the testator, and whether a trust for that purpose was imposed upon the executor; and (2) whether the legacy of $5,000 bequeathed to the adopted daughter was a specific charge and lien upon the real estate of the testator. The evidence sustained the finding made by the learned trial judge to the effect that the testator at the time of executing his will knew that his personal property was insufficient to pay the legacies bequeathed in the second and fourth articles of the will. In view of the proof on this subject, we concur in the conclusion expressed in the opinion rendered at Special Term to the effect that the legacies in question are chargeable upon the real estate of the testator; and the reasons which led the learned judge below to reach that result also command our assent. In affirming the judgment, we deem it unnecessary to add anything further to what he has said, except a single observation in regard to the form of the decree. We do not understand that the judgment compels the executors to sell the testator's real estate at present, and without any further proceedings in order to pay the $5,000 legacy to the adopted daughter. It is merely an adjudication that the lands be charged with a specific lien for the benefit of the legatee, and provision is made for subsequent application to the court by any of the parties to the action for further directions to give force and effect to the decree.

Judgment affirmed, with costs.