(91 App. Div. 360.)

### SCHMIDT et al. v. LIMMER et al.

(Supreme Court, Appellate Division, First Department. February 19, 1904.)

1. WILLS—CONSTRUCTION—LEGACIES—SUBJECTION OF REAL ESTATE.

    Where testator at the time of executing his will was possessed of ample personal property to satisfy legacies, the mere existence of a power of sale in the will is not sufficient reason for subjecting the real estate to the payment of legacies on an insufficiency of the personal property.

Appeal from Special Term.

Proceedings by Adam Schmidt and another against Katy Limmer and others. From the judgment, the parties appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

G. P. Hotaling, for appellants.

J. M. Allen and I. B. Pollak, for respondents.

VAN BRUNT, P. J. This action was brought to obtain a construction of the last will and testament of Martha Shluter, and to determine whether certain pecuniary legacies given in the third clause of the will are a charge against the real estate of the testatrix embraced within the residuary clause thereof.

The testatrix died on September 20, 1900, without leaving any children or descendants of children her surviving. Her husband had died before her. She left a will which was executed on the 3d of June, 1889, and also a codicil executed in May, 1890, by which she ratified said will, with the exception of one clause affecting a provision made for her brother, giving by said codicil a sum in trust which in her original will she had given absolutely. At the time of the execution of the will and codicil she was in possession of personal property, consisting of stocks and bonds, amounting in value to the sum of $20,000, which property came to her from her deceased husband upon his death. This amount was much more than sufficient to pay the pecuniary legacies aforesaid. At the time of the execution of the will and codicil she was also seised of certain real estate in the city of New York known as No. 212 East Fifty-Third street, which she specifically devised to Katy Pfeiffer, née Shrader, upon certain conditions. She was also seised of certain real estate situate in Far Rockaway, Queens county, the value of which, so far as I can see, is not stated in the record. Subsequent to the execution of the will and codicil, in the year 1891, she invested a large portion of her personal property in the purchase of real estate, designated in the complaint as Nos. 103 and 105 East Seventy-Fifth street, one of which, No. 105, she sold later and applied the proceeds towards the discharge of the mortgage on premises No. 103. Another portion of this personal property, about $5,000, she expended for living purposes and a trip to Europe. She died seised of the Fifty-Third street property specifically devised, and the Far Rockaway property, and also said premises No. 103 East Seventy-Fifth street. At the time of her death her personal property amounted in value only to the sum of about $4,500, exclusive of certain chattels which she specifically bequeathed in her will. By the first and second clauses of

the will she made certain specific bequests after the payment of her debts and funeral expenses. It does not appear that she owed any debts. By the third clause of the will she gave personal legacies aggregating about $10,000, and consequently the personal estate which the testatrix left was not sufficient to meet the legacies in question.

It was held in the court below that the legacies were a charge upon the real estate other than that which had been specifically devised. As the rule seems to be established that a will must speak as of the time of its making (Morris v. Sickly, 133 N. Y. 456, 31 N. E. 332), the question to be determined is whether, considering the circumstances of the testatrix at the time of making the will, and the provisions of the will, we can spell out any intention to make the legacies a charge upon the real estate. This is sought to be done because of the existence of a power of sale of real estate in the will, and our attention has been called to many cases for the purpose of showing that where such a power existed, and there is no other apparent object for it, and where there is a deficiency of personal property at the time the power of sale was inserted in the will or codicil, an intention to charge the real estate with the payment of the legacies would be inferred. In the case at bar, however, there was ample personal property at the time of the making of the will to pay all the legacies therein mentioned, and, had it not been for the change in the character of investment, such legacies could have been discharged out of the personal property, with a very large margin over. Under these circumstances it seems impossible to suppose that the deceased had any intention at that time of charging the legacies upon any real estate, because it was not necessary; and it is not shown that she had any real estate of any value upon which the power of sale could operate. It certainly was not intended to operate upon the estate specifically devised. The value of the property at Far Rockaway does not appear, presumably because it was small and insignificant. In all the cases cited by the respondents and also by the learned court in the opinion below, it appeared that, at the time of the making of the will or codicil containing the power of sale, the maker had reason to suppose that his personal estate was insufficient to pay the pecuniary legacies, and therefore it was argued that the power of sale had been inserted in order that a fund might be provided to pay the same, there being no other reason for the existence of such power. The rule laid down in the case of Morris v. Sickly, supra, seems to control the interpretation of this will. From the mere existence in a will of a power of sale, the intention to charge legacies upon real estate cannot be inferred, where, at the time of the making of the will, there was ample personal property to cover all the pecuniary legacies. In all the cases cited where, because of the existence of a power of sale, the intention to charge the real estate with the payment of legacies has been held, a deficiency existed, or was in prospect, at the time of the insertion of the power of sale in the original will or codicil.

The judgment should be reversed, and a judgment entered adjudging that the pecuniary legacies were not a charge upon the real estate, with costs to be paid out of the estate. All concur.