(53 Misc. Rep. 89)

ROBINSON v. KELSO et al.

(Supreme Court, Special Term, Saratoga County. February, 1907.)

WILLS—CHARGE ON REALTY—ANNUITY.

Testator gave an annuity to his sister, but did not lease sufficient per-
sonalty to pay the same after the payment of his debts. It did not ap-
pear whether he had sufficient personalty at the time of the making of the
will to satisfy the annuity, nor how much would remain after the pay-
ment of his debts. The will did not definitely make the annuity a charge
on the real estate, and showed that testator believed that after the pay-
ment of the bequest there would be personal property left. *Held*, that
the annuity was not a charge on the real estate.          ·

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 2116,
2117.]

Action by Susan F. Robinson against Caroline S. Kelso and others ·
to have a legacy declared a charge on real estate. Judgment for de-
fendant.

Thomas F. Galvin, for plaintiff.
James W. Verbeck, for defendants.

VAN KIRK, J. This action is brought to have a legacy given by
John S. Kelso, deceased, to his sister, the plaintiff, in the form of an
annuity of $200, declared a charge upon the real estate of which the
testator died seised. The case is submitted to be determined upon the
pleadings, with the single exception that the attorneys have stipulated
that the plaintiff is a sister of John S. Kelso, deceased, and is 66
years of age. The complaint alleges that John S. Kelso died, owning
certain real estate in the village of Waterford, Saratoga county, N.
Y.; that he died in June, 1904, leaving a will; which has been duly ad-
mitted to probate, dated October 25, 1900. ·Paragraph 9 of the com- ·
plaint is as follows:

"That the plaintiff is informed and believes that the said John S. Kelso, de-
ceased, left only a sufficient amount of personal property out of which to pay
his debts and funeral expenses, and that the amount of personal property left
by said deceased, after the payment of his debts and funeral expenses, is not
sufficient to pay plaintiff's annuity."

In paragraph 7 of the complaint is the allegation that all of the
personal property of the said John S. Kelso, deceased, has been dis-
tributed among the creditors of the said deceased. In the answer
·(paragraph 2) the defendants deny that all the personal property of
said John S. Kelso, deceased, has been distributed among the creditors
of the said deceased. Under the pleadings, therefore, and without
any proof offered in the case, it is impossible for the court to hold
that, at the time the said will was made, the testator did not have suffi-

cient personal property to satisfy the bequest to the plaintiff; also, the, court is unable to say, under the pleadings and without proof, what· amount of personal property, if any, the testator left after the payment of his debts and funeral expenses.

Regardless of the amount of personal property owned by the deceased at the time he made his will or left by the deceased at the time of his death, the plaintiff seems to rely upon the provisions of the will to show the intent of John S. Kelso to make the said annuity a charge upon his real estate. There is no expression in the will making the bequest a charge upon his real estate. The first paragraph of the will directs the payment of all the just debts and the funeral expenses of the testator. The second paragraph gives the annuity of $200, payable quarterly from and after the date of his death. The third paragraph gives to the wife, Caroline Kelso, in lieu of dower, the use and income from two-thirds of all the rest, residue, and remainder of the estate, real and personal, and wherever situated, during the time she shall remain his widow. The fourth paragraph gives all the rest and residue of the estate to his adopted daughter, Edna D. Jones. The last paragraph appoints executors.

There are no extrinsic circumstances in the case to aid the court in determining the intent of the testator in the respect in question. The beneficiary, who is to enjoy the annuity, is the sister of the deceased. She is now 66 years of age, and, of course, it is presumed that the testator intended solemnly to provide for his sister; but there is nothing to show to the court that, at the time the will was made, the testator did not understand and believe that his personal property would pay the annuity. The widow is given the use of two-thirds of his estate,· both real and personal. The annuity, therefore, was not intended to. come from any part of this two-thirds. There is nothing to indicate. to the court the value of this two-thirds of the estate, but the language; shows that the testator understood there would be personal estate left.. The allegation in the complaint that all of the personal property has been distributed to creditors is denied by the answer, so that the court cannot conclude that there is no personal property, nor that one-third of the personal would not pay the annuity. The fact that the widow is given the use of two-thirds of the real estate and personal property is not sufficient to allow one to conclude that all of the other one-third, both real and personal, was to be applied to the payment of the annuity. The fourth clause of the will gives all the .rest· and residue of the estate to the adopted daughter, and there is nothing to indicate that the testator intended his adopted daughter to have nothing until the widow and sister of the testator had died.

Although it is apparent that the testator intended to provide for his. sister, and although the court is inclined to give every favorable construction for the benefit of the plaintiff, considering her age and the fact that the bequest was solemnly made, still (without any proof as to the actual amount of personal property which the testator owned. at the time he made his will and at the time of his death, or of any. other circumstance outside the will) I am compelled to hold that the will itself does not disclose any intention upon the part of the testator .

that the said annuity should be made a charge upon his real estate. Morris v. Sickly, 133 N. Y. 456, 31 N. E. 332.

Findings may be prepared in conformity with this memorandum.