(56 Misc. Rep. 157.)

### VAN GILLURVE et al. v. BECKER et al.

(Supreme Court, Special Term, New York County. October, 1907.)

WILLS—CONSTRUCTION—GENERAL LEGACIES—CHARGE ON REALTY.

Where there is no express intent in a will to charge general legacies on the real estate, the intent may be gathered from the circumstances attending the execution of the will; but, where testator at the time of its execution had more than enough personalty to satisfy his probable personal needs and pay the general legacies, the intent cannot be inferred.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 2115, 2119.]

Action by Louis Van Gillurve and Diederich G. Hilderbrand, executors of Louis Becker, against Adolphine C. Becker and others, for construction of a will and settlement of accounts. Order providing for interlocutory judgment to be submitted on notice of settlement of accounts.

Charles A. Decker, for plaintiffs.

Robert Lyon, guardian ad litem, for infant defendants.

BISCHOFF, J.　The testator, Louis Becker, bequeathed his "household furniture, jewelry, books, ornaments, and wearing apparel" to his children, and to his daughters Adolphine and Johanna, his confectionery business at 605 Tenth avenue, in the city of New York, "together with the entire stock, fixture, and appurtenances of every description thereunto belonging," in equal shares; next he bequeathed $500 to his sister Adolphine Becker, and $100 to the trustees of the Bethlehem Orphan Asylum at College Point, Long Island; and, lastly, he bequeathed and devised "all the rest, residue, and remainder" of his estate, real and personal, to his executors in trust, with power to sell the real estate, to collect and receive the rents and income thereof, and to apply the net amount of such income to the use of his minor children, the corpus of the trust estate to be divided among them when the youngest child should arrive at the age of 21 years. At his death it transpired that, aside from his confectionery business, his personal estate was insufficient to pay his funeral expenses and debts, about $800 of the latter having been very recently contracted by him for the purposes of replenishing the stock of his business; and the question has arisen whether the real estate devised by him in trust for his children is chargeable with the payment of the two general legacies given to his sister and the Bethlehem Orphan Asylum.

The personal estate, after deducting specific legacies therefrom, is the primary fund for the payment of debts and general legacies.　Hoes v. Van Hosen, 1 N. Y. 120.　Specific legacies abate in proportion as it may be necessary to resort to the subject-matter of such legacies for the payment of debts.　The testator will be presumed to have intended to prefer specific legacies to that extent (Taylor v. Dodd, 58 N. Y. 335); but the personal estate, lessened by these specific legacies, is the only fund for the payment of general legacies, and the real estate cannot be resorted to for their payment, unless such appears to have been the testator's intention.　Bevan v. Cooper, 72 N. Y. 317. It follows, from what has been said, that the testator's business, bequeathed to his daughters, is exempt from liability for payment of the general legacies, and to charge the real estate therewith it is incumbent upon the legatees to establish the fact of the testator's intention to that effect.　Bevan v. Cooper, supra.　That the bequest of the general legacies is followed by a residuary devise does not of itself establish such an intention (Id.), and the particular will fails to show it either in terms or by permissible inference.　Resort, however, may be had to the circumstances attending the execution of the will to show that the testator contemplated the payment of general legacies given by him out of his real esate, in whole or in part; for, if at that time the testator's personal estate was woefully deficient for that purpose, it must necessarily be inferred that he intended the application of his real estate toward the payment of such legacies.　But circumstances of subsequent arising are not so available, since those cannot aid in the interpretation of the testator's intention.　Schmidt v. Limmer, 91 App. Div. 360, 86 N. Y. Supp. 657; Morris v. Sickley,

133 N. Y. 456, 31 N. E. 332; McManus v. McManus, 179 N. Y. 338, 72 N. E. 235, affirming 86 App. Div. 240, 83 N. Y. Supp. 751.

Reverting, now, to the testator's pecuniary condition at the time of the making of his will, it appears from wholly unchallenged evidence that he was possessed, aside from his business and the income from his real estate, of personal property, consisting mainly of moneys in bank, considerably in excess of the aggregate amount of the general legacies, and that, at that time he was a man of frugal habits, with only trifling debts, and those wholly of a kind contracted for domestic uses. Within the authorities, therefore, last above referred to, I am constrained to hold that the general legacies are to no extent chargeable upon the testator's real estate. In Morris v. Sickley, supra, it appeared that the testatrix bequeathed a legacy of $1,800 to the plaintiff; her entire estate amounting at the time of the making of the will to not more than $2,500—all in personal property. A year later she purchased real estate, for which she paid $2,000. At her death her personal estate did not exceed $500. It was held that the legacy was not a charge upon the real estate.

The resignation of the plaintiff Diederich G. Hilderbrand as executor and trustee will be accepted; and the proposed decision and interlocutory judgment, providing for an accounting by the plaintiff preliminarily to the judicial settlement of their account as such executors and trustees, may be submitted upon notice of settlement.