In the Matter of the Disposition of the Real Property of SARAH LEMET SARGENT, Deceased.

ALICE T. LUTHER, Appellant; JOHN F. HENNESSY, as Executor, etc., of SARAH LEMET SARGENT, Deceased, and Others, Respondents.

Third Department, March 12, 1926.

Wills — construction — testatrix bequeathed general legacies and provided for distribution of residue and remainder of estate both real and personal — testatrix owned no real estate at time will and codicil thereto were executed — codicil was executed when testatrix was about to receive legacy — subsequently testatrix acquired real property for home — intention of testatrix at time of execution of will was that general legacies should be paid in full even if necessary to sell real estate — intention not changed by subsequent events — gift in residuary clause not specific devise of real property.

The intention of the testatrix that all general legacies in her will should be paid in full even though it be necessary to sell real estate to accomplish that result, is shown, where it appears that the testatrix after bequeathing certain general legacies provided for the disposition of the residue and remainder of her estate

both real and personal; that at the time the will was executed the testatrix did not own any real estate; that she also provided that all inheritance taxes should be paid from her estate so that each legatee should receive the full amount bequeathed; that when she was about to receive a bequest from another she executed a codicil disposing of the same; and that after both the will and the codicil had been executed, she acquired certain real property for a home, investing therein practically one-third of her net estate and did not thereafter change her will.

Nothing that happened after the execution of the will and codicil is shown which would change the intention of the testatrix that the general legacies should be paid in full, and, in fact, her act in acquiring real estate and her failure to change the will confirms her intent that her general legacies were to be a charge upon the real estate.

The gift in the residuary clause cannot be treated as a specific devise of real estate, and the residue which is to be divided among the legatees named cannot be determined until the whole amount of the debts and the general legacies have been deducted from the whole amount of the estate.

APPEAL by Alice T. Luther from so much of a decree of the Surrogate's Court of the county of Saratoga, entered in the office of said Surrogate's Court on the 13th day of August, 1925, as adjudged and decreed that it was the intention of Sarah Lemet Sargent, the testatrix, to charge the general legacies upon the real estate and that they were to be paid in full out of the proceeds thereof.

The proceeding was brought to have a sale of the real estate and a construction of the will of Sarah L. Sargent, deceased. The appeal is taken by Alice T. Luther, who is a residuary legatee and is given also a legacy of $500. The will was made on July 24, 1906; the codicil was made August 4, 1910; and testatrix died November 19, 1924. The will consists of general legacies amounting to the sum of $9,200, and of the clause in which is given the " residue and remainder of my estate, both real and personal," to four persons, one of whom died prior to the death of the testatrix. At the time the will was made the testatrix owned no real estate. The amount of her personal estate at this time is not definitely shown. Under the will of Mary R. Moore, admitted to probate March 20, 1909, this testatrix received the sum of $5,358., and in August, 1910, she executed the codicil to her will in which she gave legacies amounting to $4,400. At the time she made this codicil she knew that she was to have the legacy from Mary Moore, but she had not received it and apparently did not know the amount she would realize therefrom. Following these money legacies, one of which in the sum of $2,000 was for charitable uses, is this: " I direct my Executor to pay all inheritance taxes from my estate, so that each legatee may receive the full sum bequeathed to him or her, if my estate permits thereof." This codicil was holographic. It

does not mention real estate. From the time of making the will the testatrix was not earning and was evidently living upon the proceeds of her estate, except that she was receiving annually from a trust fund $200. In September, 1912, the testatrix purchased two village lots. The consideration expressed in the deed is $650. She built a house thereon costing her $3,037.02. The inventory of her personal estate amounted to $10,995.27; funeral expenses and claims against the estate amounted to $3,443.76. General legacies to the amount of $3,000 lapsed because of the death of legatees; at the time of her death the surviving general legacies in the will and codicil amounted to $10,600, a sum considerably larger than the amount of her personal property after payment of her debts.

*Schwarte, Slade, Harrington & Goldsmith* [*John A. Slade* of counsel], for the appellant.

*Horace E. McKnight,* for the respondent John F. Hennessy, executor.

*Lawrence B. McKelvey,* for the respondent Leonard R. Sargent.

*Williams, Imrie & Boyce* [*Henry W. Williams* of counsel], for the respondent Helen Baker.

*William Rooney,* special guardian, etc.

VAN KIRK, J. The order to sell the real estate is unquestioned. The question is whether a part of the proceeds of the real estate can be applied to the payment of the general legacies in order that each may be paid in full. In determining this question the intention of the testatrix controls. This intention is to be discovered from the provisions of the will, including the codicil, as illuminated by circumstances known to the testatrix. (*Ely* v. *Megie,* 219 N. Y. 112.)

While there is a general rule that, in determining the intent, only such circumstances as were known to the testatrix at the time she executed the will may be considered (*Morris* v. *Sickly,* 133 N. Y. 456), that rule is not inflexible and there is another rule, equally well established, that " a will speaks from the death of the testator and not from its date, unless its language, by fair construction, indicates a contrary intention." (*Wetmore* v. *Parker,* 52 N. Y. 450, 463; *Rogers* v. *Rogers,* 153 id. 343, 347.) A testator speaks through his will. Rules of construction, however, are but aids to the courts in finding the intent and may not override a plain lawful intent disclosed.

41

Third Department, March, 1926.    [Vol. 215

We think the testatrix intended that the general legacies should be paid in full. The residuary clause in the will is in the usual, general form. It is not inconsistent with an intention to charge the real estate. (*Morris* v. *Sickly*, 133 N. Y. 456, 459; *Brill* v. *Wright*, 112 id. 129.) Indeed a strict construction of the wording of this clause would indicate an intent to charge the real estate. Of course this clause was anticipatory so far as it disposes of real estate. As a precaution she included any real estate she might later acquire in the residuary clause. This clause does not dispose of the residue of the personal property and of all of her real estate. On the contrary, it disposes of the " residue and remainder of my estate, both real and personal." This means the residue of the real estate as well as of the personalty. There could be no residue of real estate unless somewhere else in the will some real estate had been disposed of; in this will it had not been. It means likewise an intent to mingle the personal and real property in a common fund for distribution. Also with this provision of the will must be read the provision in the codicil as to payment of the inheritance taxes, where her intent is in words expressed that the legacies should be paid in full " if my estate permits thereof." While words are not used in this will specifically charging the payment of general legacies upon the real estate, we find in the will and codicil the expressed intent that the general legacies should be paid in full, and, therefore, that they should be chargeable so far as necessary upon any real estate she might thereafter acquire.

We think everything in the will is consistent with this construction. She gave in general legacies practically the whole of her estate and intended in the residuary clause to dispose of whatever little might remain. When later she received by bequest about $5,000, she promptly made a codicil in which in general legacies she gives substantially what she expected to get from that bequest. Here again she did not intend to leave much to pass under the residuary clause. At that time likewise she owned no real estate and real estate is not mentioned in the codicil. She in her own hand wrote the codicil. The language used by her will be given its ordinary meaning. There will be no suspicion that she knew the technical rules of law with respect to money legacies (*Taylor* v. *Dodd*, 58 N. Y. 335), and the charging of them on real estate. And it must be supposed that when she used the words " my estate " she meant all of her property. It is also fair to presume that, to her, the residue and remainder of her estate meant all of her estate real and personal, after satisfying her debts and funeral expenses and the prior provisions of her will. And further, in her will and codicil, she made many bequests, not only to a cemetery

and a church, but to eleven individuals. She gives the residue to but four of these individuals, each of whom had been given a general legacy. There is no nearness of relationship indicating a reason for increasing the bequests to the four and decreasing the bequests to the other seven as well as to the cemetery and the church; yet if the legacies are not chargeable upon the real estate such discrimination must have been intended. (See *Ely* v. *Megie*, 219 N. Y. 112, 131.)

If we be right in concluding what was her intent when she made her will and codicil, we think nothing has occurred since which would justify a conclusion that that intent has been changed. The one happening of importance since the execution of the codicil was the investing of practically one-third of her net estate in real property. Can it be conceived that she thus indirectly intended to change her expressed intent as to the payment of the general legacies? Changing a form of investment certainly cannot change a testamentary disposition of property. She could have changed her will at any time, but she did not; after acquiring it she never made any devise of this real estate which passes solely under the prior residuary clause. This clause, written when she had no real estate, should not now be given unexpected power and be invoked as an evidence of intent to limit and cut down money legacies and thus defeat her plainly expressed intent that her legacies should be paid in full " if my estate permits thereof." We think that the intent she entertained when the will and codicil were executed was still her intent when she died. By leaving her will and codicil in the form they were before she acquired the real estate, she meant that they should control with like intent as when executed.

Indeed we think that the acquiring of the real estate and the failure to change the will confirms her intent that her general legacies were to be a charge upon this real estate. In *Carley* v. *Harper* (219 N. Y. 295, 301) it is said that one of the elements to be considered in determining the intent of the testatrix in respect to payment of money legacies from the proceeds of real estate is whether or not there has been a subsequent exchange of personal property for real estate. The bequests in her will and codicil under the circumstances indicate that she was well acquainted with the condition and amount of her estate. It is not probable that she invested about one-third of her personal property in real estate without realizing that insufficient personal property remained to satisfy her legacies given. The only natural conclusion is that she expected the proceeds of the real estate to be used in payment of those legacies which she had declared she desired paid in full. It seems to me the cases of *Carley* v. *Harper* (*supra*) and *Ely* v.

*Megie (supra)* are more nearly parallel to this case than is *Morris v. Sickly (supra)*.

If we have correctly construed the will, the appellant's suggestions in her supplementary brief are unavailing. The gift in the residuary clause cannot be treated as a specific devise of real estate and the residue which is to be divided between the four legatees cannot be determined until the whole amount of the debts and legacies has been deducted from the whole amount of the estate. The statutes cited do not control, or apply to, the facts in this case.

We conclude that the testatrix intended that the money legacies in her will and codicil should be paid in full, and that, if she should die seized of real estate, the proceeds of it, so far as necessary, should be used for the payment of those legacies; and we can find nothing in the will or codicil, or in the circumstances, to indicate a suspicion on her part that any other disposition of her property would be made.

The decree should be affirmed, with one bill of costs against the appellant.

Decree unanimously affirmed, with one bill of costs against the appellant.