ONONDAGA COUNTY SAVINGS BANK, Plaintiff, *v.* LEON J. WEEKS and Others, Impleaded with HAROLD M. SMITH, Defendants.

Supreme Court, Onondaga County, October 17, 1936.

*Brewster & Johnson,* for the plaintiff.

*Francis Preston,* guardian *ad litem* and attorney for the defendant Harold M. Smith.

CROSS, J. This is an action to foreclose three mortgages upon which there is now due a total sum of $6,046.89. No defense is interposed against the foreclosure of the two mortgages set up in the first and second causes of action. The third mortgage was dated August 20, 1932, and given to secure a loan of $1,950 by Leon J. Weeks and Albert A. Weeks, residuary distributees

under the will of Lucile Weeks, who was the owner of the mortgated property at the date of her death, January 24, 1928. The said Leon J. Weeks was executor of decedent's will dated January 14, 1928, probated February 1, 1928. No judicial settlement of said estate has ever been had. The said will, among other provisions, contained the following: " I give and bequeath to my grand nephew, Harold Smith, Junior, One thousand Dollars ($1,000.00), said sum to be used for the purposes of his education at St. John's Military Academy at Manlius, New York." The decedent, at her death, left the following estate:

" Assets:

| | |
|---|---:|
| Real estate appraised | $13,450 00 |
| Cash | 1,169 08 |
| Personal effects | 329 00 |
| | $14,948 08 |

" Liabilities:

| | |
|---|---:|
| Debts | $236 70 |
| Funeral and administration | 1,172 00 |
| Executor's fees | 423 70 " |

No part of the legacy provided in the will for Harold M. Smith has ever been paid. The personal estate was barely more than enough to pay the funeral and administration expense plus executor's fees. The answer interposed by Harold M. Smith, an infant, by Francis Preston, his guardian *ad litem*, presents the question as to whether the legacy to said infant is a charge and lien on said real estate having priority to the lien of plaintiff's third mortgage. At the time of the death of Lucile Weeks, January 24, 1928, there were two mortgages totaling the principal sum of $2,850 on the real property in question. The will directed the executor to sell this real estate for not less than $30,000. The financial status of the maker of the will was the same at her death, ten days later.

A comparison of the value of the personalty with that of the realty at the date of the making of the will, shows a clear intent of the testatrix to make the legacy to the infant defendant a charge on her real property.

The court is not unaware of the rule of law in this State that the intention to make specific legacies a charge upon real property must appear plainly, distinctly and unequivocally. (*Scholle* v. *Scholle*, 113 N. Y. 261.) The testatrix's intention squares with the applicable rule.

In determining whether general legacies expressed in ordinary terms are to be a charge on real estate, the amount and value of real and personal property at the time the will was made may be considered and this is the dominating factor in such determination. (*Matter of Lummis*, 101 Misc. 258; *Matter of O'Donnell*, 164 N. Y. Supp. 932; *Brennan* v. *Brennan*, 127 id. 420; *Van Gillurve* v. *Becker*, 56 Misc. 157; *McGoldrick* v. *Bodkin*, 140 App. Div. 196; *Matter of Herborn*, 187 id. 938; *Kettell* v. *Baxter*, 50 Misc. 428; *Matter of Kreusser*, 108 id. 111; *Matter of Rhodes*, 109 id. 406; *Matter of Beacom*, Id. 469; *Matter of Weber*, 118 id. 653; *Matter of Armeny*, 120 id. 505.)

This loan was made by the plaintiff with the knowledge that the estate had not been settled and the application for the loan stated that its purpose was to " settle estate." It is clear that the intent was to make the legacy of the infant defendant, Smith, a charge on the real estate and plaintiff's third mortgage is a secondary and subsequent lien to the lien of Harold M. Smith, for $1,000, with interest from February 1, 1929.

Plaintiff is entitled to proceed with the foreclosure of its first and second mortgages and any proceeds available in said foreclosure proceeding in excess of the amounts due plaintiff under and by virtue of its mortgages set up in the first and second causes of action, plus costs and expenses of foreclosure, are charged with a prior lien in favor of the infant defendant, Smith, for the unpaid amount of the said legacy to him, with interest thereon as provided by law.

Present appropriate findings and judgment in accordance with this opinion.