In the Matter of the Construction of the Will of MARY HOFFMAN, Deceased.

Surrogate's Court, Kings County, November 15, 1949.

*Charles Bennet* for Arthur A. Dignam, as executor of Mary Hoffman, deceased, petitioner.

McGAREY, S. The executor seeks a construction of the will of testatrix dated January 23, 1947, to determine whether the four legacies of $1,000 each bequeathed under paragraphs "Third" and "Fourth" of the will are a charge on the real property of which she died seized.

The court determines that the language of the will executed prior to the effective date of section 47-d of the Decedent Estate Law, and the nature and extent of testatrix' personal estate at the time of execution indicate her intention that the general legacies were to be chargeable against her interests in the real property which she disposed of in the general residuary clause of her will.

The statement of testatrix' resources at the time of execution of the will establishes that at such time her personal property, if any, was so grossly inadequate that she must be deemed to have intended to charge payment of the legacies to her real property. (*Matter of McGowan,* 134 Misc. 409, and cases cited at page 412, affd. 228 App. Div. 779, affd. 254 N. Y. 513; *Matter of Lummis,* 101 Misc. 258, 270.) In addition, there is a complete blending of her real and personal property in the residuary clause which disposes of "all the rest, residue and remainder of *my estate,* real and personal" (italics by the court), which is also some indication of an intention to charge the real property with payment of the legacies. (*Matter of Lummis, supra; Matter of Mould,* 117 Misc. 1, 7, affd. 204 App. Div. 889, affd. 236 N. Y. 582; *Matter of Sargent,* 125 Misc. 498, 504, affd. 215 App. Div. 639; *Matter of Lilienthal,* 139 Misc. 225, 231.) Furthermore, her direction to the executor, whom she named as the sole residuary legatee and devisee, "to give" the specified amounts to the four legatees, which legacies she describes in the gift to her friend, as a "remembrance" for having always been a good friend, and, in the gifts to her three named grandnephews, as "a token" of her love and affection, is evidence of her intention to charge her real property with their payment in the event her personal property was insufficient for their solution. Such a construction gives effect to her direction to her executor "to give" the stated amounts to persons named, and lends meaning to her gift to the executor of "all the rest, residue and remainder of my estate, real and personal,  *  *  *."

Proceed accordingly.