John D. Bennett, S.
In this accounting proceeding the petitioner seeks a construction of the will which was executed in 1945. The will leaves specific sums to a number of named individuals and then provides: “ fifth: All the rest, residue and remainder of my estate, both real and personal, of whatsoever kind, nature and description which I now possess and which I may hereafter acquire, I give, devise and bequeath to my grand-nephew, clore Reynolds chapman, jr., residing at 101 Hamilton Avenue, Norwich, Connecticut, in recognition of his many kind acts and faithful services to me, both in sickness and in health, during the past fifteen (15) years, to have and to hold the same for Ms own benefit and use forever.”
The personal property in the estate is not sufficient to pay the general legacies. The question therefore arises whether these legacies are a charge upon the real property owned by the decedent at the time of death. Since the will was executed prior to September, 1947, the common-law rule and not the present section 47-d of the Decedent Estate Law controls. In recommending section 47-d the Executive Committee of the Surrogates’ Association stated: “Its purpose is to abrogate the long-standing rule that general legacies are chargeable only *829 against personal property and are never a charge against realty unless the will directs or implies such charge. The actual intention of testators has frequently been defeated by the operation of this rule. The Court of Appeals has said that 1 the artificial distinctions between wills of real and personal property should not be magnified ’ (Carley v. Harper, 219 N. Y. 295, 303). The bill abrogates the old rule in respect of all wills executed after August 31, 1947. Thereafter a testator who intends to make general legacies a charge against personal property only may so provide in his will. It is deemed wise to permit the old rule to apply to all wills executed before August 31, 1947 since testators may have executed wills upon competent legal advice that the ancient rule of construction prevails.” (See note, L. 1947, ch. 521.)
The precise question to be determined therefore is whether the will “ directs or implies ” that the legacies are a charge against realty. Bradford Butler on New York Surrogate Law and Practice states the rule as follows (Vol. 3, § 2112): ‘ ‘ Before the real estate of the testator, or the proceeds of its sale, can be utilized for the payment of general legacies, any one contending for such use must affirmatively demonstrate the presence of an active intent on the part of the testator that this shall be done, such demonstration to be predicated either on the express terms of the will, or upon necessary implication arising from its general tenor, when the document is read in the light of the circumstances surrounding the testator at the time of its execution.” Section 2122 summarizes the principles applicable: ‘ ‘ By reason of the demonstration of authority contained in the foregoing sections, the following rules may be summarized respecting the sources of payment of general legacies given in a testamentary document: First, as a primary matter, such gifts are payable only from the net personal assets of the estate and not from real estate which belonged to the testator at the time of his death; second, real estate, or its proceeds, will not be charged with the payment of general legacies unless an intention to the contrary, on the part of the testator, be demonstrated from the terms of the will when the document is read in the light of the circumstances surrounding him at the date of its execution; third, an express direction to charge residuary real estate with the payment of general legacies will be effectuated; fourth, an intent to charge residuary real estate with the payment of general legacies will be imputed to the testator where he has directed that the payment of succession or estate taxes shall be made from the residue of his estate, and also where it is demonstrated that there was a *830 known and apparently irreparable deficiency in the personal assets owned by him at the time of the execution of the will, for the payment of such general gifts as were made therein, but there is no sound basis, resting on the authority of adjudicated cases, which warrants an imputation of such intention from any other circumstances.” (See, also, 7 Warren’s Heaton on Surrogates’ Courts [6th ed.], §§ 84, 87.)
Applying the rule stated to the instant situation, it seems clear that the legacies should not be a charge upon the real property. There was testimony introduced that at the time of the execution of the will the decedent was possessed of sufficient personal property to pay all of the general legacies. (Cf. Matter of Hoffman, 197 Misc. 205.) In addition she was the beneficiary of a trust from which she received income amounting to the sum of $2,000 to $2,500 per year.
It should also be noted that paragraph Fifth characterizes the gift to Clark Reynolds Chapman, Jr., “in recognition of his many kind acts and faithful services to me, both in sickness and in health, during the past fifteen (15) years ”. This language would certainly indicate that the grandnephew in question was placed in a particularly favored position over the other relatives and friends receiving gifts of specific amounts.
The fact that the will gives a power of sale to the executor is in and of itself not sufficient to establish that the testator intended to charge the realty with the legacies. (See 7 Warren’s Heaton on Surrogates’ Courts [6th ed.], § 87, par. 6.)
The attorney who drew the will testified at the hearing that “ she stated to me that she wanted Reynolds Chapman to get her house. She said that in the presence of myself, Mr. McGuire and his wife, who were neighbors next door and very close friends.” Although this testimony was objected to as inadmissible, Matter of Lummis (101 Misc. 258) and 7 Warren’s Heaton on Surrogates’ Courts (6th ed., § 30) would indicate that such testimony is here admissible. Even without such testimony, however, the inferences that flow from the testimony and the will itself, and the circumstances here prevailing, lead inevitably to the conclusion that a proper construction would require that these general legacies not be a charge on the real property.
The account will be settled as filed.
Submit decree on notice.