In the Matter of the Estate of JOHN JACK, Deceased.

Surrogate's Court, Richmond County, March 4, 1935.

*John M. Braisted,* for the applicant.

*Anthony Arcari,* special guardian.

SMITH, S.   Testator executed his will on September 11, 1909. It is a short and simple document and disposed of his small estate by a gift to the applicant in the words following, viz.: " First after my lawful debts are paid, I give Florence Katherine Nagle of No. 340 East 176th Street, Bronx Borough, New York City, contract to lots 819 and 820, 968 and 969, 969 A and 969 B on map of New Dorp Manor, Staten Island, in the Borough of Richmond, City of New York."

Prior to the execution of the said will the testator had entered into an agreement with the Staten Island Homes Company to purchase the lots described in said will, and on December 4, 1909, said company conveyed to him lots 819 and 820 mentioned in said gift.

Testator died on April 7, 1910, and his will was probated on June 22, 1910.   After testator's death applicant paid the balance unpaid upon said contract and the unconveyed lots mentioned in said gift

were conveyed to the executor named in said will and were later sold by the applicant and a deed was subsequently given by said executor to applicant's grantee.

The lots conveyed to the testator before his death are still in the possession of the applicant, and the validity of the gift to her having been questioned, the court is now required to interpret said will and construe the effect of the gift therein made.

At the time of the execution of the will the testator was possessed only of a right to complete his purchase of the lots described therein, and all that he had to dispose of was such right, and to interpret his intention in regard thereto it is only necessary to read the disposing clause of said will. This is an instance where a will should be left to speak for itself, for the intention of the testator to give his rights under his contract of purchase to the applicant cannot be disputed.

Therefore, the intention of the testator to make such gift to the applicant having been ascertained, it only remains for the court to construe the legal effect of such disposition and the effect of the conveyance to the testator prior to his death of two of the lots described in said will, in relation to the gift of testator's rights under the said contract.

Had the testator died intestate his interest under the contract would have descended to his heirs at law in equity as real property. (*Williams* v. *Kinney*, 43 Hun, 1, at p. 8; affd., 118 N. Y. 679.) And an equitable interest in real property descendible to heirs may be devised. (Dec. Est. Law, §§ 11, 80.)

The rule of law in relation to descent and devise of contract rights is stated in *Williams* v. *Haddock* (145 N. Y. 144, at p. 150) as follows, viz.: " The general rule in regard to contracts for the sale of land is that the owner of the real estate from the time of the execution of a valid contract for such sale is to be treated as the owner of the purchase money, and the purchaser of the land is treated as the equitable owner thereof. The vendor is deemed in equity to stand seized in the land for the benefit of the purchaser, and the latter, even before the conveyance to him, can devise the same and it descends to his heir and the land which was agreed to be sold has been turned into money belonging to the vendor. Courts of equity regard that as done which ought to be done; they look at the substance of things and not at the mere form of agreements, to which they give the precise effect which the parties intended."

The testator, therefore, having the right to devise his equitable rights under the contract, the devisee had the right to call upon the executor to discharge the contract out of the personal estate of the

testator. (*Matter of Davis*, 43 App. Div. 331, at p. 334; *Williams* v. *Kinney, supra*, which also recites for like holdings, *Champion* v. *Brown*, 6 Johns. Ch. 398, and *Griffith* v. *Beecher*, 10 Barb. 432.)

The title to the lots described in said will and unconveyed under said contract at the death of the testator having legally passed by the gift in the disposing clause thereof, free and discharged of any unpaid balance of the purchase money, can it be held that the title to the lots conveyed to the testator prior to his death stands in any different situation than the title to the lots unconveyed?

As heretofore found, the intent of the testator was to give to the applicant his interest in all of the lots described in said will, and the devise of the rights of the testator under said contract unquestionably transferred the equitable title to the lots unconveyed and required the payment of the balance of the purchase money from the testator's estate, and thus the effect of the gift of the unconveyed lots was the vesting of the legal title in the devisee in theory at least at the death of the testator, and it would not be reasonable to hold in such a situation as to the lots conveyed to the decedent in his lifetime, that a legal title acquired before death adeems the gift where the effect of the gift of the equitable title upon death becomes a legal title good in the taker.

The gift of all of the lots must be held to be a devise of all and the greater interest would pass under the holding in *Carley* v. *Harper* (219 N. Y. 295).

It is accordingly determined that the effect of the gift by said will made to the applicant is to vest her with the title to every interest either legal or equitable that the testator had in the lots described therein. Enter decree construing said will in accordance herewith.